UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PSS INTERNET SERVICES, INC.,
a Florida corporation and GEORGE KUHN
individually,
     Plaintiffs,

v.

JEREMY GREENIDGE individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands corporation, and
GREATDOMAINS.COM, INC., a California
corporation,
     Defendants.

_____/

CASE NO. **00-6172**

**CIV-ZLOCH**

MAGISTRATE JUDGE
SELTZER

## VERIFIED COMPLAINT

Plaintiffs PSS INTERNET SERVICES, INC., a Florida corporation, (hereinafter "PSS")

and GEORGE KUHN individually (hereinafter "KUHN") sue Defendants JEREMY

GREENIDGE individually, also known as Jeremy Green, (hereinafter "GREENIDGE"),

AMERICA DOT COM, INC., a Tortola, British Virgin Islands corporation (hereinafter

"AMERICA DOT COM"), and GREATDOMAINS.COM, INC., a California corporation,

(hereinafter "GREATDOMAINS") and allege:

### JURISDICTIONAL ALLEGATIONS

1. Each cause of action set forth herein seeks injunctive relief or damages in excess of

$75,000, exclusive of interest and costs.

2. Diversity of citizenship exists between Plaintiffs and all Defendants

3. Plaintiff PSS is a corporation incorporated under the laws of the State of Florida

having its principal place of business in Broward County, Florida.

4.  Plaintiff KUHN is a citizen of the State of Florida residing in Broward County, Florida.

5.  Defendant GREENIDGE is a citizen of Barbados.

6.  Defendant AMERICA DOT COM is a corporation incorporated under the laws of Tortola, British Virgin Islands having its principal place of business outside the United States.

7.  Defendant GREATDOMAINS is a corporation incorporated under the laws of California having its principal place of business in California.

8.  Defendants acted personally in Broward County, Florida or through agents acting on their behalf in Broward County, Florida or through the instrumentality of the Internet directed against the Plaintiffs at the Plaintiffs' place of business in Broward County, Florida.

## GENERAL ALLEGATIONS

9.  PSS was formed in 1994 as an Internet Service Provider.  PSS's primary asset is an Internet domain named "America.com".  PSS also owns the domains "Earth.net", "Worldwide.net", and "Universe.net".  Defendant GREENIDGE has been the President of PSS since the company's formation.

10.  Plaintiff KUHN purchased twenty five percent (25%) of the issued shares of PSS and became a member of the board of directors.

11.  In 1997, PSS's business began to slow and eventually PSS moved its customers to another Internet provider.  During this time, GREENIDGE moved to Barbados, where he now resides.

12.  Between 1997 and 1999, the board of directors decided to sell PSS's assets, including the domain names America.com, Earth.net, Worldwide.net, and Universe.net.

13.  On or about November 19, 1999, GREENIDGE, acting alone and without the board

of director's knowledge, transferred the domain name "America.com" from PSS to AMERICA

DOT COM, a Tortola, British Virgin Islands corporation. "America.com" is now registered to

AMERICA DOT COM.

14. Some time after November 19, 1999, GREENIDGE, acting alone and without the

PSS board of director's knowledge, contracted with GREATDOMAINS to market, auction and

sell the domain name "America.com" over the Internet. GREATDOMAINS is currently

organizing a world-wide marketing campaign for the sale of "America.com".

15. The GREATDOMAINS website shows that a bid of $10,000,000 has already been

made for the purchase of "America.com" which is worth between $10,000,000 and $50,000,000.

16. Plaintiffs reserve the right to amend these pleadings to seek punitive damages upon

presentation of evidence sufficient to support same under Florida law.

17. Plaintiffs have hired the Law Offices of John C. Rayson to represent them in this

action and are obligated to pay a reasonable fee for legal services.

## COUNT I - TEMPORARY RESTRAINING ORDER

18. Plaintiffs reallege paragraphs 1 through 17 above.

19. GREATDOMAINS has already listed "America.com" for sale and is accepting bids

around the clock on its website.

20. "America.com" could be sold at any time and without notice to the Plaintiffs.

21. Plaintiffs' undesigned attorney certifies that he contacted Steve Neuman, President of

GREATDOMAINS, on January 12, 2000 to inform him that PSS was the rightful owner of

"America.com" and that GREENIDGE and AMERICA DOT COM had no authority to sell

"America.com". Mr. Neuman responded that the sale of "America.com" would proceed.

22. Immediate and irreparable injury, loss and damage will result to the Plaintiffs before

GREATDOMAINS. AMERICA DOT COM. GREENIDGE. or their attorneys can be heard in opposition.

23. Notice to the Defendants or their attorneys should not be required as such notice may prompt the Defendants to make a quick sale of Plaintiffs' property and thereby defeat the purpose of this action.

**WHEREFORE** Plaintiffs respectfully request that this Court issue a Temporary Restraining Order without notice enjoining Defendants GREAT DOMAINS. AMERICA DOT COM. and GREENIDGE. from offering for sale. selling. auctioning. or otherwise transferring ownership. possession. or control of the domain name "America.com" and. further. commanding GREENIDGE and AMERICA DOT COM to re-register the domain name "America.com" to PSS until such time as rightful ownership is determined and commanding GREENIDGE and AMERICA DOT COM not to re-register any of PSS's domain names.

## COUNT II -FRAUD

24. Plaintiffs reallege paragraphs 1 through 17 above.

25. This is an action for damages for fraud exceeding $75,000.

26. At all times material hereto. Defendant GREENIDGE acted independently of PSS despite the fact that GREENIDGE remained the President of PSS.

27. GREENIDGE engaged in a series of fraudulent acts and representations. each of which is independently actionable and, when taken together. display a pattern of fraudulent intent and dealing.

28. GREENIDGE represented to Network Solutions, Inc. that he owned "America.com". This representation was false when made; was known to GREENIDGE to be false; and was intended to deceive and defraud Network Solutions. Inc. and the Plaintiffs.

29. In reliance on that representation, Network Solutions, Inc. contracted with GREENIDGE to re-register "America.com" to AMERICA DOT COM.

30. Once "America.com was registered to AMERICA DOT COM, GREENIDGE contracted with GREATDOMAINS to auction and sell "America.com" to the highest bidder.

31. PSS is the rightful owner of "America.com" and never consented to the re-registration nor the contract to auction and sell "America.com."

32. Plaintiffs have been directly damaged by GREENIDGE's fraudulent acts in that PSS's primary asset, "America.com" is now registered to AMERICA DOT COM and is under the control of the Defendants.

**WHEREFORE** Plaintiffs demand judgment for damages against Defendants GREENIDGE and AMERICA DOT COM including all actual, consequential, and upon evidence in support, punitive damages, together with interest and the costs and expenses of this action.

## COUNT III - CONVERSION

33. Plaintiffs reallege paragraphs 1 through 17 above.

34. This is an action for damages for conversion exceeding $75,000.

35. On or about November 19, 1999, Defendant GREENIDGE and AMERICA DOT COM converted to their own use the domain name "America.com" of the value of between $10,000,000 and $50,000,000, the property of the Plaintiff, PSS.

**WHEREFORE** Plaintiffs demand judgment for damages against Defendants GREENIDGE and AMERICA DOT COM including all actual, consequential, and upon evidence in support, punitive damages, together with interest and the costs and expenses of this action.

## COUNT IV - RICO VIOLATION

36. Plaintiffs reallege paragraphs 1 through 17 above.

37.  This is an action for violation of § 772.103 Florida Statutes and for treble damages pursuant to § 772.104 Florida Statutes..

38.  On or about November 19. 1999. Defendant GREENIDGE transferred the domain name "America.com" from PSS. the rightful owner. to AMERICA DOT COM and registered "America.com" to AMERICA DOT COM without the knowledge or consent of the Plaintiffs.

39.  Defendants GREENIDGE and AMERICA DOT COM knowingly obtained and used the domain name of the Plaintiff PSS with the intent to. either temporarily or permanently. deprive Plaintiffs of the right to the domain name and to appropriate the domain name to the Defendants' own use in violation of § 812.014 Florida Statutes.

40.  Defendants' acts of fraud and conversion constitute a pattern of criminal activity and are independently chargeable by indictment or information pursuant to Chapter 812 Florida Statutes. relating to theft. and Chapter 817 Florida Statutes. relating to fraud.

41.  At all times material hereto. Defendants GREENIDGE and AMERICA DOT COM acted with criminal intent.

42.  Defendants have used or invested proceeds received from their actions in the operation of AMERICA DOT COM or other enterprises.

**WHEREFORE** Plaintiffs demand judgment for treble damages and attorney's fees and Court costs against Defendants GREENIDGE and AMERICA DOT COM.

### COUNT V - REPLEVIN

43.  Plaintiffs reallege paragraphs 1 through 17 above.

44.  This is an action to recover possession of property that exceeds $75,000 in value.

45.  The description of the property is: one Internet domain named "America.com"

46.  To the best of Plaintiffs' knowledge. information and belief, the value of the property

is between $10,000,000 and $50,000,000.

47. Plaintiff PSS is entitled to possession of the property because the domain name is a corporate asset of PSS.

48. The property is wrongfully detained by Defendants GREENIDGE, AMERICA DOT COM, and GREATDOMAINS. Defendants came into possession of the property by virtue of GREENIDGE's position as President of PSS and by GREENIDGE's knowledge of certain passwords giving him access to the property and by the contract between GREENIDGE and GREATDOMAINS to auction and sell the property..

49. To the best of Plaintiffs' knowledge, information and belief, Defendants retain the property because they intend to sell it.

50. The property has not been taken for any tax, assessment or fine pursuant to law.

51. The property has not been taken under an execution or attachment against Plaintiffs' property.

**WHEREFORE** Plaintiffs demand judgment for possession of the property and for damages for the detention of it against Defendants GREENIDGE, AMERICA DOT COM, and GREATDOMAINS.

**COUNT VI - BREACH OF FIDUCIARY DUTY**

52. Plaintiffs reallege paragraphs 1 through 17 above.

53. This is an action for damages for breach of a fiduciary duty exceeding $75,000.

54. Defendant GREENIDGE was at all times material to this action under a fiduciary duty to Plaintiff PSS with respect to all corporate assets of PSS in his possession or control.

55. GREENIDGE breached his fiduciary duty to PSS by misappropriating and utilizing for his own benefit corporate assets including the domain name "America.com" and by failing to

disclose to PSS the re-registration of and the contract to auction and sell the domain name
"America.com".

56.  Plaintiffs have been damaged by GREENIDGE's breach of fiduciary duty and self-
dealing by the loss of a significant corporate asset valued at between $10,000,000 and
$50,000,000, and impairment of its business operations.

**WHEREFORE** Plaintiffs demand judgment for damages against Defendant
GREENIDGE  including all actual, consequential, and upon evidence in support, punitive
damages, together with interest and the costs and expenses of this action.

## DEMAND FOR JURY TRIAL

57.  Plaintiffs demand trial by jury of all issues so triable as by right.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Complaint and that the
facts and allegations stated therein are true to the best of my knowledge and belief.

GEORGE KUHN

PSS INTERNET SERVICES, INC.

By:

STATE OF FLORIDA      )
                      ) SS
COUNTY OF BROWARD  )

**BEFORE ME,** the undersigned authority, personally appeared GEORGE KUHN, known
to me or who produced _____ as identification, and PSS INTERNET
SERVICES, INC., represented by George T Kuhn, who is know to me or who produced
_____ as identification, under penalties of perjury and having been sworn under
oath, verify that the above content and information is true and correct to the best of their personal

knowledge and that the above-named individuals executed this document this $\mathcal{Z}$ day of
February , 2000.

     IN WITNESS WHEREOF I have hereunto set my official hand and seal.

*[signature]*
NOTARY PUBLIC, STATE OF FLORIDA

My commission expires:



Thomas P Moss
My Commission CC892600
Expires December 05, 2003

LAW OFFICES OF JOHN C. RAYSON
2400 East Oakland Park Blvd.
Fort Lauderdale, Florida 33306
(954) 566-8855
(954) 566-8902 (facsimile)

By: *[signature]* for
    John C. Rayson, Esq.
    Florida Bar No.: 204153

# CIVIL COVER SHEET

he JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required
y law except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974 is required for the use
f the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

PSS INTERNET SERVICES, INC.
a Florida corporation, and
GEORGE KUHN, individually,

00 FEB -2 PM 2: 06

CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

**DEFENDANTS**

JEREMY GREENIDGE, individually
AMERICA DOT COM, INC., a Tortola, British
Virgin Islands corporation, and
GREATDOMAINS.COM, INC., a California corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John C. Rayson
2400 E. Oakland Park Blvd., 2nd Fl.
Fort Lauderdale, FL 33306

ATTORNEYS (IF KNOWN)

# 00-6172

## CIV-ZLOCH

i) CIRCLE COUNTY WHERE ACTION AROSE: DADE  MONROE  BROWARD  PALM BEACH  MARTIN  ST LUCIE  INDIAN RIVER  OKEECHOBEE HIGHLANDS

## MAGISTRATE JUDGE
## SELTZER

## I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | Appeal to District Judge from |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Magistrate Judgment |

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | B☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | A☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | ☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS—Third Party 26 USC 7609 | A B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity action, §§811, 817 Florida statutes

LENGTH OF TRIAL
via _____ days estimated for both sides to try entire case

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F R C P 23

**DEMAND $** 150 million

CHECK YES only if demanded in complaint.
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 2.2.2000 | Thomas P. Mm for John C. Rayson |

**FOR OFFICE USE ONLY**

RECEIPT # 518475  AMOUNT 150.00  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____