UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6172-CIV-ZLOCH/SELTZER

PSS INTERNET SERVICES, INC.,
a Florida corporation and GEORGE KUHN
individually,

    Plaintiffs,

v.

JEREMY GREENIDGE individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands corporation, and
GREATDOMAINS.COM, INC., a California
corporation,

    Defendants.
_____/



## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs PSS INTERNET SERVICES, INC., a Florida corporation, (hereinafter "PSS") and GEORGE KUHN individually (hereinafter "KUHN") move this Court for a Temporary Restraining Order pursuant to Rule 65(b), Federal Rules of Civil Procedure and as grounds state:

1. Plaintiffs filed a Verified Complaint with this Court on February 2, 2000 alleging that the defendants had converted an Internet domain named "America.Com" that is a corporate asset of Plaintiff PSS Internet Services, Inc.

2. Plaintiffs further alleged that defendants are in the process of selling "America.Com"

1

which has an estimated value of at least $10,000,000.00 and as much as $50,000,000.00.

3. The undersigned attorney certifies that his office has had the following telephone conversations that, when taken together, establish the need for an injunction:

A. On January 12, 2000 the undersigned attorney spoke with Steve Neuman, President of defendant GREATDOMAINS.COM, INC., and that Mr. Neuman stated that defendant JEREMY GREENIDGE entered into a contract with GREATDOMAINS.COM, INC. to auction and sell to the highest bidder the domain name "America.Com". Mr. Neuman further stated that the sale would proceed as planned until a Court Order directed otherwise.

B. On several occasions between January 12, 2000 and February 9, 2000, the undersigned attorney's associate, Thomas P. Moss, Esquire, spoke with a representative of Network Solutions, Inc. concerning the registration of the domain name "America.Com" and that Network Solutions, Inc. repeatedly represented that "America.Com" was "locked", meaning that the domain name could not be sold or transferred to anyone under any circumstance.

C. On February 9, 2000, Thomas P. Moss, Esquire spoke to another representative of Network Solutions, Inc. who stated that "America.Com" would only be "locked" if Network Solutions, Inc. received adequate assurances that the plaintiffs had a legitimate claim of ownership as to "America.Com".

4. The undersigned attorney certifies that his office immediately provided Network Solutions, Inc. with proof of the plaintiffs' ownership, but that Network Solutions, Inc., as of the time of the filing of this Motion, has not responded and, therefore, Plaintiffs are unsure of Network Solutions, Inc.'s actions or intentions.

2

5. Until Network Solutions, Inc. "locks" the domain name, the defendants could sell "America.Com", thereby defeating the purpose of the plaintiffs' lawsuit.

6. Immediate and irreparable injury, loss or damage will result to the plaintiffs before the defendants or Network Solutions, Inc. may be heard in opposition because the time required to notice the hearing would permit the threatened irreparable injury to occur.

7. The undersigned attorney certifies the following efforts have been made to give notice of Plaintiff's application for an injunction:

> A. On February 11, 2000 the undersigned faxed a copy of this Motion to Network Solutions, Inc., attention Charles Mgugi, at (703) 742-8706.
>
> B. On February 11, 2000 the undersigned faxed a copy of this Motion to Defendant JEREMY GREENIDGE, individually and as President of AMERICA DOT COM, INC. at (246) 436-9909.
>
> C. On February 11, 2000 the undersigned mailed a copy of this Motion to Steve Neuman, President of Defendant GREATDOMAINS.COM, INC.

8. Plaintiffs do not have an adequate remedy at law as the domain name "America.Com" is unique and irreplaceable and its value is based on speculation.

WHEREFORE, the plaintiffs request that this Court enter an Order enjoining the defendants from offering for sale, selling, auctioning, or otherwise transferring ownership, possession, or control of the domain name "America.Com" and further commanding Network Solutions, Inc. to "lock" the domain name "America.Com" and to re-register the domain name to PSS INTERNET SERVICES, INC. until the completion of this lawsuit.

LAW OFFICES OF JOHN C. RAYSON • 2400 E. OAKLAND PARK BLVD. • FT. LAUDERDALE, FL 33306 • PHONE: (954) 566-8855

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR TEMPORARY RESTRAINING ORDER

1. Plaintiffs' reason for filing this Motion for temporary injunction is to preserve the status quo until further Order of this Court or until the case is heard. The function of a temporary injunction is to preserve the status quo pending final outcome of the case. Brock v. Brock, 667 So. 2d 310 (Fla. 1st DCA 1995). Furthermore, the purpose of a temporary injunction is not to resolve disputed issues, but rather to preserve status quo pending final hearing on the merits of the case. Escudero v. Hasbum, (Fla. 3rd DCA 1997).

2. Plaintiffs seek to compel a non-party, Network Solutions, Inc., to aid in preserving the status quo pending final outcome of the case. Only Network Solutions, Inc. can perform this function by "locking" the domain name "America.Com", thus preserving the status quo. Under the appropriate circumstances, an injunction may bind non-parties. Xavier J. Fernandez, P.A. v. Sun Bank of Tampa Bay, (Fla. 2nd DCA 1996).

LAW OFFICES OF JOHN C. RAYSON
2400 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
(954) 566-8855
(954) 566-8992 (facsimile)

By: /s/ John C. Rayson
John C. Rayson, Esquire
Florida Bar No. 204153

/s/ Thomas P. Moss
Thomas P. Moss, Esquire
Florida Bar No. 0153923

4