UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6172-CIV-ZLOCH

PSS INTERNET SERVICES, INC.,
a Florida corporation and
GEORGE KUHN individually,

    Plaintiffs,

vs.                                                    O R D E R

JEREMY GREENIDGE individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands
corporation, and GREATDOMAINS.COM,
INC., a California,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Plaintiffs, PSS Internet Services, Inc. and George Kuhn's Emergency Motion For Temporary Restraining Order and the Plaintiffs' Motion For Hearing On Emergency Motion For Temporary Restraining Order, both bearing file stamp of the Clerk of this Court dated February 11, 2000. The Court has carefully considered the merits of said Emergency Motion and is otherwise fully advised in the premises.

    The Court notes that the Plaintiffs filed the above-styled cause seeking damages and injunctive relief for various violations of Florida state law relating to the use and ownership of the internet domain name "America.com." In the instant Motion, the Plaintiffs seek an injunction against a non-party, Network

FILED by _____ D.C.
FEB 1 5 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

Solutions, Inc., as well as the Defendants prohibiting them from selling the domain name "America.com." The Court has jurisdiction over the above-styled cause pursuant to 28 U.S.C. § 1332.

The Court further notes that in order to obtain a preliminary injunction, a movant must show the following: (1) irreparable harm; (2) a clear legal right; (3) an inadequate remedy at law; and (4) consideration of the public interest. Finkelstein v. Southeast Bank, N.A., 490 So.2d 976, 980 (Fla. 4th DCA 1986). Since a temporary injunction is an extraordinary remedy, a court should grant it sparingly and only after the movant has alleged and proved facts entitling it to relief. Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734, 735 (Fla. 4th DCA 1980).

Upon careful review of the instant Emergency Motion For Temporary Restraining Order, the Court finds that the Plaintiffs have failed to clearly establish all of the requirements for obtaining injunctive relief. In particular, the Plaintiffs have failed to establish a clear legal right.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That the Plaintiffs' aforementioned Emergency Motion For Temporary Restraining Order be and the same is hereby **DENIED**, without prejudice; and

2. That the Plaintiffs' aforementioned Motion For Hearing On Emergency Motion For Temporary Restraining Order be and the same is

hereby **DENIED**.

   **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____15th____ day of February, 2000.

                                          _____
                                          WILLIAM J. ZLOCH
                                          United States District Judge

Copies furnished:

John C. Rayson, Esq.
For Plaintiffs

Jeremy Greenidge
16 Spry Street
Bridgetown, Barbados

America Dot Com., Inc.
Jipfa Building
3rd Floor
Road Town, Tortola, B.V.I

GreatDomains.Com, Inc.
c/o Steve Newman, President
10 Universal City Plaza
Suite 1115
Universal City, CA 91608

Network Solutions, Inc.
505 Huntmar Park Drive
Herndon, VA 20170