UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PSS INTERNET SERVICES, INC.
A Florida corporation and
GEORGE KUHN, individually,

Plaintiffs,

v.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, Brittish Virgin Islands
Corporation and GREATDOMAINS.COM,
INC., a California corporation,

Defendants.

CASE NO.: 00-6172-CIV-ZLOCH




**DEFENDANT AMERICA DOT COM, INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, America Dot Com, Inc., by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 9, 12(b)(6) and 12(b)(2), respectfully moves this Court for entry of an Order dismissing Count II of the Amended Complaint for failure to state a cause of action and failure to comply with Rule 9's pleading requirements and all claims asserted by plaintiff, George Kuhn, for failure to state a cause of action and lack of subject matter jurisdiction.[1] In support thereof, defendant, America Dot Com, Inc., states as follows.

1 Defendant, America Dot Com, is contemporaneously filing an Answer to Counts I, III, and IV asserted in the Amended Complaint by plaintiff, PSS Internet Services, Inc. Accordingly, this Motion to Dismiss pertains only to Count II and all claims asserted by plaintiff, George Kuhn.



**Preliminary Statement**

On March 14, 2000, plaintiffs George Kuhn ("Kuhn") and PSS Internet Services, Inc., ("PSS"), filed an Amended Complaint against defendant, America Dot Com, Inc., ("America Dot Com"), invoking the diversity jurisdiction of this Court to assert state common law claims for injunctive relief (Count I), fraud (Count II), conversion (Count III), and replevin (Count IV).[2]

Count II, which purports to state a cause of action against America Dot Com for common law fraud, is subject to dismissal for failure to state a claim and failure to comply with federal pleading requirements. Count II simply fails to allege any conduct or omission on the part of America Dot Com. Moreover, Count II fails to comply with the specificity requirement of Rule 9(b), Federal Rules of Civil Procedure.

As for the claims asserted by Kuhn, individually, all four counts are subject to dismissal. Specifically, because an individual shareholder is not entitled to maintain suit in his own name for damages to a corporation, Counts I and II must be dismissed for failure to state a cause of action, as these claims belong solely to PSS. Likewise, Counts III and IV, to the extent such counts allege injury to PSS, must be dismissed for failure to state a cause of action.

Consequently, Counts III and IV, to the extent such counts allege damages on behalf of Kuhn, individually, must be dismissed for lack of subject matter jurisdiction insofar as such counts fail to alleged the requisite amount in controversy.

In the alternative, should this Court determine that Kuhn's "individual" claims constitute a derivative action on behalf of PSS, all four counts are subject to dismissal because the Amended Complaint fails to comply with well-established pleading requirements.

2 Count V (Breach of Fiduciary Duty) is brought only against individual defendant, Jeremy Greenidge.

**Statement of Facts**

This civil dispute is centered around the ownership of the internet domain name "America.com". Specifically, plaintiffs allege that PSS is the rightful owner of the domain name and that defendant, Jeremy Greenidge ("Greenidge"), the former president of PSS, acted without corporate authority in transferring the registration of the domain name from PSS to America Dot Com. (Amended Complaint at ¶ 12). Kuhn, who claims to be a 25% shareholder and a member of the board of directors, alleges four counts against America Dot Com in his individual capacity.

In Count I, Kuhn purports to allege a claim for injunctive relief, seeking an order enjoining America Dot Com from "offering for sale, selling, auctioning, or otherwise transferring ownership, possession, or control of the domain name 'America.com'." (Amended Complaint at p. 5).

In Count II, Kuhn and PSS purport to allege a claim for fraud against America Dot Com. In that count, plaintiffs allege that Greenidge fraudulently represented to Network Solutions, Inc., an internet domain name registrar, that Greenidge owned the rights to the domain name "America.com"; that this representation was false when made, and was intended to deceive Network Solutions, Inc. Kuhn further alleges that, in reliance on this representation, Network Solutions, Inc., registered the domain name to America Dot Com. (Amended Complaint at ¶ 32-34). Plaintiffs then allege that they were "directly damaged by Greenidge's fraudulent acts in that PSS's primary asset, 'America.com' is now offered for sale and could be sold without Plaintiffs' knowledge." (Amended Complaint at ¶ 37).

In Count III, Kuhn purports to allege a claim for conversion against America Dot Com. In this count, Kuhn alleges that America Dot Com converted the domain name "America.com."

the property of PSS, and a personal computer, belonging to Kuhn and valued at $5,000. (Amended Complaint at ¶ 40).

Finally, in Count IV, Kuhn purports to allege a claim for replevin against America Dot Com. Kuhn seeks possession of the domain name "America.com" and a personal computer. (Amended Complaint at ¶¶ 41-49).

**Argument**

1. **Count II Fails to State a Cause of Action Because it Lacks Allegations of Fraudulent Conduct on the Part of America Dot Com and Fails to Comply with Rule 9(b).**

Count II of the Amended Complaint alleges that defendant, Jeremy Greenidge, made false and fraudulent misrepresentations regarding the ownership of "America.com"; that, in reliance on this misrepresentation, a third party transferred the domain name to America Dot Com; and that plaintiffs were "directly damaged by Greenidge's fraudulent acts." (Amended Complaint at ¶¶ 32-37). As such, Count II clearly fails to allege any fraudulent conduct on the part of America Dot Com.

Moreover, Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . .. the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b). This Rule "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Durham v. Business Management Associates, 847 F. 2d 1505, 1511 (11th Cir. 1988). In order to meet Rule 9's pleading requirements, a plaintiff must allege the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them. Id.

As noted above, Count II fails to allege any fraudulent acts on the part of America Dot Com. Accordingly, based on the lack of allegations against America Dot Com and the failure to comply with Rule 9(b)'s pleading requirements, Count II of the Amended Complaint must be dismissed.

**2. Kuhn's Claims Fail to State a Cause of Action Because a Shareholder Cannot Maintain a Claim for Damages to the Corporation.**

The Amended Complaint repeatedly alleges that PSS is the rightful owner of the domain name "America.com" and that the alleged unauthorized transfer of the domain name resulted in damages. Clearly, any claim relating to these alleged damages belongs solely to PSS. As such, Kuhn's claims fail to state causes of action against America Dot Com, for it is well-settled in Florida[3] that a shareholder of a corporation does not have the right to maintain an action in his individual name for damages sustained by the corporation. McKinney-Green, Inc. v. Davis, 606 So. 2d 393, 396 (Fla. 1st DCA 1992) (dismissing claims and holding that individual action cannot be maintained by shareholder in his own name or corporation's name, but must be brought by the corporation); Alario v. Miller, 354 So. 2d 925, 926 (Fla. 2d DCA 1978); Grandin Ind., Inc. v. Fla. Nat'l Bank at Orlando, 267 So. 2d 26, 30 (holding that allegations failed to state a cause of action because shareholder has no right to sue for damages to the corporation, except in a derivative action); James Talcott, Inc. v. McDowell, 148 So. 2d 36 (Fla. 3d DCA 1962). Indeed, this rule holds true even if the individual is the sole shareholder of the corporation. Lincoln Oldsmobile, Inc. v. Branch, 574 So. 2d 1111, 1114 (Fla. 2d DCA 1990) (dismissing individual's claims where injury alleged was to corporation); Schaffer v. Universal Rundle Corp., 397 F. 2d 893 (5th Cir. 1968).

A shareholder may only bring an action in his own right to redress injuries sustained by him which are separate and distinct from the injuries sustained by all other shareholders. Fried v. Easton, 267 So. 2d 87, 88 (Fla. 3d DCA 1974) (upholding dismissal of direct action brought by shareholder in his own name).

In the instant case, all claims asserted by Kuhn are premised on the transfer and impending sale of the domain name "America.com". The Amended Complaint repeatedly alleges that PSS is the rightful owner of this domain name. (Amended Complaint at ¶¶ 9, 22, 36, 40, 45 & 53). Nowhere in the Amended Complaint does Kuhn allege that he, individually, has any ownership rights in this domain name.

Therefore, Counts I and II, which allege damage solely to PSS, must be dismissed for failure to state a cause of action. Likewise, Counts III and IV must be dismissed, to the extent that such claims purport to allege a cause of action on behalf of Kuhn for damages allegedly resulting from the transfer of the domain name "America.com," as these claims belong solely to PSS.

**3. Counts III and IV Must Be Dismissed Based on this Court's Lack of Subject Matter Jurisdiction.**

To the extent that Counts III and IV purport to state a cause of action on behalf of Kuhn for damages resulting from the "conversion" of Kuhn's personal computer, such claims are subject to dismissal based on this Court's lack of subject matter jurisdiction. Because this action is based on this Court's diversity jurisdiction, Kuhn is required to meet the requisite jurisdictional amount of $75,000. See 28 U.S.C. § 1332.

---

3 Because plaintiff invoked the diversity jurisdiction of this Court, the Court must look to the forum's substantive law. Gadd v. Pearson, 351 F. Supp. 895 (M.D. Fla. 1972).

According to the Amended Complaint, however, the personal computer is valued at only $5,000. This amount is woefully short of the requisite $75,000 amount required to invest this Court with subject matter jurisdiction over this diversity action. Obviously, Kuhn cannot avail himself of the damages alleged on behalf of the corporation in order to meet the requisite amount. Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc., 844 F. Supp. 1512 (M.D. Fla. 1994) (in diversity case, each plaintiff must independently meet amount in controversy requirement; individual claims for damages cannot be aggregated to satisfy amount in controversy). Accordingly, because Kuhn fails to allege, and indeed, cannot allege, the requisite amount in controversy, Counts III and IV must be dismissed.

**4. Alternatively, Kuhn's Claims are Subject to Dismissal For Failure to Allege Exhaustion of Corporate Remedies.**

Alternatively, should this Court determine that Kuhn's claim are derivative in nature, all four counts are subject to dismissal for failure to allege exhaustion of corporate remedies. A shareholder derivative suit is an action in which a shareholder seeks to enforce a right of action existing in the corporation. The injury sustained by the shareholder bringing such an action is basically the same as the injury sustained by other shareholders of the corporation. Gill v. Three Dime Dimensions, Inc., 87 F. Supp. 2d 1278, 1286 (M.D. Fla. 2000) (citing Leppert v. Lakebreeze Homeowners Assoc., 500 So. 2d 250, 252 (Fla. 1st DCA 1986)).

Under Florida law,[4] this Court must look to the body of the complaint and the gravamen of the injuries asserted to determine if Kuhn's claims are direct or derivative. See Alario, 354 So.

4 State substantive law must be applied in derivative actions in federal court where jurisdiction is based on diversity of citizenship, including the character of the action as being derivative or not. Gadd v Pearson 351 F. Supp. 895 (M.D. Fla. 1972); Jacobs v. Adams, 601 F. 2d 176 (5th Cir. 1979) (state law determines whether a demand on shareholders or an alleged excuse for not so demanding is a necessary prerequisite to bringing a derivative action in

2d at 926. If the damages at issue are only indirectly sustained by the shareholder as a result of injury to the corporation, the shareholder does not have a cause of action as an individual. Gill, 87 F. Supp. 2d at 1286. Here, even assuming, without admitting, that Kuhn is bringing his claims derivatively, such claims are subject to dismissal for failure to comply with Florida law.

Shareholder derivative suits are governed by Florida Statute § 607.07401 which provides as follows:

> A complaint in a proceeding brought in the right of a corporation *must . . .allege with particularity the demand made to obtain action by the board of directors and that the demand was refused or ignored.*

Fla. Stat. § 607.070401 (emphasis added). The Amended Complaint lacks these requisite allegations. Kuhn fails to make any allegations of efforts taken by Kuhn through the directors or shareholders of PSS or the reason for his failure to make any such efforts. Thus, even assuming, without admitting, that Kuhn is asserting his claims derivatively, such claims are subject to dismissal for failure to allege all requisite elements of such a claim under Florida law.

**Conclusion**

Based on the foregoing authorities, defendant, America Dot Com, respectfully requests this Court dismiss all claims asserted by plaintiff, George Kuhn.

---

Florida's state and federal courts). In any event, Federal Rule of Civil Procedure 23.1 contains the same pleading requirements for shareholder derivative actions as does Florida law.

BUCHANAN INGERSOLL, P.C.
Attorneys for America Dot Com
2100 NATIONSBANK TOWER
100 SOUTHEAST SECOND STREET
Miami, Florida 33131
(305) 347-4080
FAX: 347-4089

______________________________
WILLIAM E. DAVIS, ESQ.
Florida Bar No.: 191680
JILL A. COOK-EDWARDS, ESQ.
Florida Bar No.: 0115411

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this 5 day of June, 2000 to: John C. Rayson, Esq., Law Offices of John C. Rayson, Second Floor, 2400 East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

______________________________
WILLIAM E. DAVIS, ESQ.
Florida Bar No.: 191680

39641