UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6172-CIV-ZLOCH

FILED by _____ D.C.

JUL 0 7 2000

PSS INTERNET SERVICES, INC.,
a Florida corporation and
GEORGE KUHN, individually,

    Plaintiffs,

vs.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands
Corporation and GREATDOMAINS.COM,
a California corporation,

    Defendants.
_____/

**PARTIAL ORDER OF DISMISSAL AS TO AMERICA DOT COM, INC., ONLY**

    THIS MATTER is before the Court upon the Defendant, America Dot Com, Inc.'s Motion To Dismiss And Incorporated Memorandum Of Law (DE 14). The Court has carefully reviewed the merits of said Motion and is otherwise fully advised in the premises.

    The Court notes that only a generalized statement of facts needs to be set out to comply with the liberal Federal Rules of Pleading. A classic formulation of the test often applied to determine the sufficiency of the Complaint was set out by the United States Supreme Court in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), wherein the Court stated:

> . . . In appraising the sufficiency of the Complaint we follow . . . the accepted rule that a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

    The Court adds that a Complaint may not be dismissed because the plaintiff's claim does not support the legal theory he relies



on since the Court must determine if the allegations provide relief on any possible theory. See, Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967).

The Court further notes that on June 5, 2000, the Defendant, America Dot Com, Inc., filed the aforementioned Motion To Dismiss (DE 14), and that by prior Order (DE 16), the Court directed the Plaintiffs, PSS Internet Services, Inc. and George Kuhn, to file an opposing memorandum on or before June 30, 2000. After careful review of the entire Court file, the Court notes that no opposing memorandum has been filed either by or on behalf of either Plaintiff as directed by this Court's prior Order (DE 16). The failure to file an opposing memorandum may be deemed sufficient grounds for granting a motion by default. Local Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida. After careful review, the Court finds that based upon the Plaintiffs' failure to respond to the Defendant, America Dot Com, Inc.'s Motion To Dismiss and based upon the arguments raised in said Motion, the Defendant, America Dot Com, Inc., is entitled to the relief requested therein.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendant, America Dot Com, Inc.'s aforementioned Motion To Dismiss (DE 14) be and the same is hereby **GRANTED** as follows:

1.  All claims asserted in the Amended Complaint (DE 8) by the Plaintiff, George Kuhn, be and the same are hereby **DISMISSED** as

to the Defendant, America Dot Com, Inc., only; and

    2. Count II of the Amended Complaint (DE 8) asserted by the Plaintiff, PSS Internet Services, Inc., be and the same is hereby **DISMISSED** as to the Defendant, America Dot Com, Inc., only.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of July, 2000.

```
                              WILLIAM J. ZLOCH
                              Chief United States District Judge
```

Copies furnished:

John Rayson, Esq.
For Plaintiff

William Davis, Esq.
For Defendant America Dot Com, Inc.

Lisa Gallerano, Esq.
For Defendant Greatdomains.Com

Jeremy Greenidge
Rices House
Saint Phillip Barbados
and
16 Spry Street
Bridgetown, Barbados
Defendant