UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:00-6172-CIV-ZLOCH/SELTZER

PSS INTERNET SERVICES, INC.,
a Florida corporation and GEORGE KUHN
individually,
    Plaintiffs,

vs

JEREMY GREENIDGE, individually,
AMERICA DOT COM. INC., a Tortola,
British Islands corporation,
GREATDOMAINS.COM, INC., a
California corporation.
_____/



### NOTICE OF FILING CERTIFICATE OF SERVICE OF SUMMONS

YOU ARE NOTIFIED that the Certificate of Service of Summons on J.S. ARCHIBALD, served by Crowe Foreign Services, has been filed with the Court.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded by U.S. Mail to: Lisa Gallerano, Esquire, AKIN, GUMP, et al., GREATDOMAINS.COM, INC., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, on this ___ day of August, 2000.

        LAW OFFICES OF JOHN C. RAYSON
        240 East Oakland Park Boulevard
        Fort Lauderdale, Florida 33306
        (954) 566-8855
        (954) 566-8902 (facsimile)

        By: _____
        John C. Rayson, Esquire
        Florida Bar No.: 204153

# CERTIFICATE

*The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention.*

*(1) that the document has been served\**

    *– the (date)* <u>Has been served on Wednesday April 26, 2000 at about 11:10 a.m.</u>

    *– at (place, street, number)* <u>Jipfa Building, P.O. Box 181, Main Street, Road Town, Tortola, British Virgin Islands</u>

        *– in one of the following methods authorized by Article 5:*

            *(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention.\**

            *(b) in accordance with the following particular method:\**
            xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

            *(c) by delivery to the addressee, who accepted it voluntarily.\**
            <u>On America Dot Com, Inc. with Registered Agent J. S. Archibald & Co.</u>

*The documents referred to on the request have been delivered to:*

    *– (identity and description or person)*
    <u>J. S. Archibald</u>

    *– relationship to the addressee (family, business or other):*
    <u>Officer of J. S. Archibald & Co.</u>

*(2) that the document has not been served, by reason of the following facts:*
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

# United States District Court

**Southern** DISTRICT OF **Florida**

PSS INTERNET SERVICES, INC.
a Florida corporation and
GEORGE KUHN, individually,

V.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, Brittish Virgin Islands corporation, and
GREATDOMAINS.COM, INC., a California corporation,

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 00-6172

CIV - ZLOCH

TO: (Name and address of defendant)

America Dot Com, Inc.
Tortola, British Virgin Islands
Jipfa Building, 3rd Floor
Road Town, Tortola

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John C. Rayson, Esq.
Law Offices of John C. Rayson
Second Floor
2400 E. Oakland Park Blvd.
Fort Lauderdale, FL 33306

an answer to the complaint which is herewith served upon you, within ___twenty___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Clarence Maddox
CLERK

DATE: FEB - 3 2000

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PSS INTERNET SERVICES, INC.,
a Florida corporation and GEORGE KUHN
individually,
    Plaintiffs,

v.

JEREMY GREENIDGE individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands corporation, and
GREATDOMAINS.COM, INC., a California
corporation,
    Defendants.
_____/

CASE NO.: **00-6172**

**CIV-ZLOCH**

MAGISTRATE JUDGE
SELTZER

## VERIFIED COMPLAINT

Plaintiffs PSS INTERNET SERVICES, INC., a Florida corporation, (hereinafter "PSS") and GEORGE KUHN individually (hereinafter "KUHN") sue Defendants JEREMY GREENIDGE individually, also known as Jeremy Green, (hereinafter "GREENIDGE"), AMERICA DOT COM, INC., a Tortola, British Virgin Islands corporation (hereinafter "AMERICA DOT COM"), and GREATDOMAINS.COM, INC., a California corporation, (hereinafter "GREATDOMAINS") and allege:

### JURISDICTIONAL ALLEGATIONS

1. Each cause of action set forth herein seeks injunctive relief or damages in excess of $75,000, exclusive of interest and costs.

2. Diversity of citizenship exists between Plaintiffs and all Defendants

3. Plaintiff PSS is a corporation incorporated under the laws of the State of Florida having its principal place of business in Broward County, Florida.

4. Plaintiff KUHN is a citizen of the State of Florida residing in Broward County, Florida.

5. Defendant GREENIDGE is a citizen of Barbados.

6. Defendant AMERICA DOT COM is a corporation incorporated under the laws of Tortola, British Virgin Islands having its principal place of business outside the United States.

7. Defendant GREATDOMAINS is a corporation incorporated under the laws of California having its principal place of business in California.

8. Defendants acted personally in Broward County, Florida or through agents acting on their behalf in Broward County, Florida or through the instrumentality of the Internet directed against the Plaintiffs at the Plaintiffs' place of business in Broward County, Florida.

## GENERAL ALLEGATIONS

9. PSS was formed in 1994 as an Internet Service Provider. PSS's primary asset is an Internet domain named "America.com". PSS also owns the domains "Earth.net", "Worldwide.net", and "Universe.net". Defendant GREENIDGE has been the President of PSS since the company's formation.

10. Plaintiff KUHN purchased twenty five percent (25%) of the issued shares of PSS and became a member of the board of directors.

11. In 1997, PSS's business began to slow and eventually PSS moved its customers to another Internet provider. During this time, GREENIDGE moved to Barbados, where he now resides.

12. Between 1997 and 1999, the board of directors decided to sell PSS's assets, including the domain names America.com, Earth.net, Worldwide.net, and Universe.net.

13. On or about November 19, 1999, GREENIDGE, acting alone and without the board

of director's knowledge, transferred the domain name "America.com" from PSS to AMERICA DOT COM, a Tortola, British Virgin Islands corporation. "America.com" is now registered to AMERICA DOT COM.

14. Some time after November 19, 1999, GREENIDGE, acting alone and without the PSS board of director's knowledge, contracted with GREATDOMAINS to market, auction and sell the domain name "America.com" over the Ineternet. GREATDOMAINS is currently organizing a world-wide marketing campaign for the sale of "America.com".

15. The GREATDOMAINS website shows that a bid of $10,000,000 has already been made for the purchase of "America.com" which is worth between $10,000,000 and $50,000,000.

16. Plaintiffs reserve the right to amend these pleadings to seek punitive damages upon presentation of evidence sufficient to support same under Florida law.

17. Plaintiffs have hired the Law Offices of John C. Rayson to represent them in this action and are obligated to pay a reasonable fee for legal services.

### COUNT I - TEMPORARY RESTRAINING ORDER

18. Plaintiffs reallege paragraphs 1 through 17 above.

19. GREATDOMAINS has already listed "America.com" for sale and is accepting bids around the clock on its website.

20. "America.com" could be sold at any time and without notice to the Plaintiffs.

21. Plaintiffs' undesigned attorney certifies that he contacted Steve Neuman, President of GREATDOMAINS, on January 12, 2000 to inform him that PSS was the rightful owner of "America.com" and that GREENIDGE and AMERICA DOT COM had no authority to sell "America.com". Mr. Neuman responded that the sale of "America.com" would proceed.

22. Immediate and irreparable injury, loss and damage will result to the Plaintiffs before

GREATDOMAINS, AMERICA DOT COM, GREENIDGE, or their attorneys can be heard in opposition.

23. Notice to the Defendants or their attorneys should not be required as such notice may prompt the Defendants to make a quick sale of Plaintiffs' property and thereby defeat the purpose of this action.

**WHEREFORE** Plaintiffs respectfully request that this Court issue a Temporary Restraining Order without notice enjoining Defendants GREAT DOMAINS, AMERICA DOT COM, and GREENIDGE, from offering for sale, selling, auctioning, or otherwise transferring ownership, possession, or control of the domain name "America.com" and, further, commanding GREENIDGE and AMERICA DOT COM to re-register the domain name "America.com" to PSS until such time as rightful ownership is determined and commanding GREENIDGE and AMERICA DOT COM not to re-register any of PSS's domain names.

### COUNT II -FRAUD

24. Plaintiffs reallege paragraphs 1 through 17 above.

25. This is an action for damages for fraud exceeding $75,000.

26. At all times material hereto, Defendant GREENIDGE acted independently of PSS despite the fact that GREENIDGE remained the President of PSS.

27. GREENIDGE engaged in a series of fraudulent acts and representations, each of which is independently actionable and, when taken together, display a pattern of fraudulent intent and dealing.

28. GREENIDGE represented to Network Solutions, Inc. that he owned "America.com". This representation was false when made; was known to GREENIDGE to be false; and was intended to deceive and defraud Network Solutions, Inc. and the Plaintiffs.

29. In reliance on that representation, Network Solutions, Inc. contracted with GREENIDGE to re-register "America.com" to AMERICA DOT COM.

30. Once "America.com was registered to AMERICA DOT COM, GREENIDGE contracted with GREATDOMAINS to auction and sell "America.com" to the highest bidder.

31. PSS is the rightful owner of "America.com" and never consented to the re-registration nor the contract to auction and sell "America.com."

32. Plaintiffs have been directly damaged by GREENIDGE's fraudulent acts in that PSS's primary asset, "America.com" is now registered to AMERICA DOT COM and is under the control of the Defendants.

**WHEREFORE** Plaintiffs demand judgment for damages against Defendants GREENIDGE and AMERICA DOT COM including all actual, consequential, and upon evidence in support, punitive damages, together with interest and the costs and expenses of this action.

### COUNT III - CONVERSION

33. Plaintiffs reallege paragraphs 1 through 17 above.

34. This is an action for damages for conversion exceeding $75,000.

35. On or about November 19, 1999, Defendant GREENIDGE and AMERICA DOT COM converted to their own use the domain name "America.com" of the value of between $10,000,000 and $50,000,000, the property of the Plaintiff, PSS.

**WHEREFORE** Plaintiffs demand judgment for damages against Defendants GREENIDGE and AMERICA DOT COM including all actual, consequential, and upon evidence in support, punitive damages, together with interest and the costs and expenses of this action.

### COUNT IV - RICO VIOLATION

36. Plaintiffs reallege paragraphs 1 through 17 above.

37. This is an action for violation of § 772.103 Florida Statutes and for treble damages pursuant to § 772.104 Florida Statutes..

38. On or about November 19, 1999, Defendant GREENIDGE transferred the domain name "America.com" from PSS, the rightful owner, to AMERICA DOT COM and registered "America.com" to AMERICA DOT COM without the knowledge or consent of the Plaintiffs.

39. Defendants GREENIDGE and AMERICA DOT COM knowingly obtained and used the domain name of the Plaintiff PSS with the intent to, either temporarily or permanently, deprive Plaintiffs of the right to the domain name and to appropriate the domain name to the Defendants' own use in violation of § 812.014 Florida Statutes.

40. Defendants' acts of fraud and conversion constitute a pattern of criminal activity and are independently chargeable by indictment or information pursuant to Chapter 812 Florida Statutes, relating to theft, and Chapter 817 Florida Statutes, relating to fraud.

41. At all times material hereto, Defendants GREENIDGE and AMERICA DOT COM acted with criminal intent.

42. Defendants have used or invested proceeds received from their actions in the operation of AMERICA DOT COM or other enterprises.

**WHEREFORE** Plaintiffs demand judgment for treble damages and attorney's fees and Court costs against Defendants GREENIDGE and AMERICA DOT COM.

### COUNT V - REPLEVIN

43. Plaintiffs reallege paragraphs 1 through 17 above.

44. This is an action to recover possession of property that exceeds $75,000 in value.

45. The description of the property is: one Internet domain named "America.com"

46. To the best of Plaintiffs' knowledge, information and belief, the value of the property

is between $10,000,000 and $50,000,000.

47. Plaintiff PSS is entitled to possession of the property because the domain name is a corporate asset of PSS.

48. The property is wrongfully detained by Defendants GREENIDGE, AMERICA DOT COM, and GREATDOMAINS. Defendants came into possession of the property by virtue of GREENIDGE's position as President of PSS and by GREENIDGE's knowledge of certain passwords giving him access to the property and by the contract between GREENIDGE and GREATDOMAINS to auction and sell the property..

49. To the best of Plaintiffs' knowledge, information and belief, Defendants retain the property because they intend to sell it.

50. The property has not been taken for any tax, assessment or fine pursuant to law.

51. The property has not been taken under an execution or attachment against Plaintiffs' property.

**WHEREFORE** Plaintiffs demand judgment for possession of the property and for damages for the detention of it against Defendants GREENIDGE, AMERICA DOT COM, and GREATDOMAINS.

### COUNT VI - BREACH OF FIDUCIARY DUTY

52. Plaintiffs reallege paragraphs 1 through 17 above.

53. This is an action for damages for breach of a fiduciary duty exceeding $75,000.

54. Defendant GREENIDGE was at all times material to this action under a fiduciary duty to Plaintiff PSS with respect to all corporate assets of PSS in his possession or control.

55. GREENIDGE breached his fiduciary duty to PSS by misappropriating and utilizing for his own benefit corporate assets including the domain name "America.com" and by failing to

disclose to PSS the re-registration of and the contract to auction and sell the domain name "America.com".

56. Plaintiffs have been damaged by GREENIDGE's breach of fiduciary duty and self-dealing by the loss of a significant corporate asset valued at between $10,000,000 and $50,000,000, and impairment of its business operations.

**WHEREFORE** Plaintiffs demand judgment for damages against Defendant GREENIDGE including all actual, consequential, and upon evidence in support, punitive damages, together with interest and the costs and expenses of this action.

### DEMAND FOR JURY TRIAL

57. Plaintiffs demand trial by jury of all issues so triable as by right.

### VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Complaint and that the facts and allegations stated therein are true to the best of my knowledge and belief.

*George T. Kuhn*
GEORGE KUHN

PSS INTERNET SERVICES, INC.
By: *George T. Kuhn*

STATE OF FLORIDA )
                 ) SS
COUNTY OF BROWARD )

**BEFORE ME,** the undersigned authority, personally appeared GEORGE KUHN, known to me or who produced _____ as identification, and PSS INTERNET SERVICES, INC., represented by GEORGE T. KUHN , who is know to me or who produced _____ as identification, under penalties of perjury and having been sworn under oath, verify that the above content and information is true and correct to the best of their personal

knowledge and that the above-named individuals executed this document this 2 day of February, 2000.
IN WITNESS WHEREOF I have hereunto set my official hand and seal.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My commission expires:


Thomas P Moss
My Commission CC892800
Expires December 05, 2003

LAW OFFICES OF JOHN C. RAYSON
2400 East Oakland Park Blvd.
Fort Lauderdale, Florida 33306
(954) 566-8855
(954) 566-8902 (facsimile)

By: _____ for
John C. Rayson, Esq.
Florida Bar No.: 204153