UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 00-6172-CIV-ZLOCH

PSS INTERNET SERVICES, INC.,
a Florida corporation and
GEORGE KUHN, individually,

Plaintiffs,

v.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands
Corporation and GREATDOMAINS.COM,
INC., a California corporation,

Defendants.

_____/



## DEFENDANT JEREMY GREENIDGE'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Jeremy Greenidge, ("Greenidge"), by and through undersigned counsel,

hereby files his Answer and Affirmative Defenses to the Amended Complaint filed by plaintiff,

PSS Internet Services, Inc., as follows:[1]

1.    Greenidge admits the allegations contained in Paragraph 1 of the Amended

Complaint for jurisdictional purposes only.

2.    Greenidge is without sufficient knowledge regarding the allegations contained in

Paragraph 2 of the Amended Complaint and therefore denies same.

_____

[1] Defendant, Greenidge, has filed a Motion to Dismiss all claims asserted by plaintiff, George Kuhn,
contemporaneously herewith. Therefore, Greenidge's Answer will only address the claims asserted by plaintiff, PSS
Internet Services, Inc.

3.      Greenidge admits that plaintiff, PSS, was a corporation incorporated under the laws of the state of Florida. Greenidge denies the remaining allegations contained in paragraph 3 of the Amended Complaint. Greenidge further states that plaintiff, PSS, is no longer incorporated under the laws of the state of Florida, having been administratively dissolved on October 16, 1998.

4.      Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies same.

5.      Greenidge admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Greenidge admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies same.

8.      Greenidge denies the allegations contained in Paragraph 8 of the Amended Complaint to the extent such allegations apply to Greenidge. To the extent the allegations in Paragraph 8 of the Amended Complaint apply to any other party, Greenidge is without sufficient knowledge regarding those allegations and therefore denies same.

9.      Greenidge admits that PSS was formed in 1994 as an internet service provider as alleged in Paragraph 9 of the Amended Complaint. Greenidge denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

2

10.    Greenidge admits that plaintiff, George Kuhn ("Kuhn"), purchased 25% of the issued shares of PSS as alleged in Paragraph 10 of the Amended Complaint. Greenidge denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.    Greenidge admits that he currently resides in Barbados as alleged in Paragraph 11 of the Amended Complaint. Greenidge denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.    Greenidge denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.    Greenidge denies the allegation contained in Paragraph 13 of the Amended Complaint that, "some time after November 19, 1999, [defendant, Jeremy] Greenidge, acting alone and without PSS's board of director's knowledge, contracted with Great Domains to market, auction and sell the domain name "America.com" over the Internet." Greenidge is without sufficient knowledge regarding the remaining allegations contained in Paragraph 13 of the Amended Complaint and therefore denies same.

14.    Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies same.

15.    Greenidge admits that plaintiff is reserving its right to amend its pleadings to seek punitive damages as alleged in Paragraph 15 of the Amended Complaint. Greenidge denies that plaintiff is entitled to punitive damages.

16.    Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies same.

3

CASE NO.: 00-6172-CIV-ZLOCH

## COUNT I

17.    In responding to Paragraph 17, Greenidge realleges his answers to Paragraphs 1 through 17 of the Amended Complaint as if set forth fully herein.

18.    Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies same.

19.    Greenidge denies the allegations contained in paragraph 19 of the Amended Complaint.

20.    Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies same.

21.    Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies same.

22.    Greenidge denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Greenidge denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Greenidge denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Greenidge denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.    Greenidge denies the allegations contained in Paragraph 26 of the Amended Complaint.

4

27.     Greenidge denies the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Greenidge admits the allegations contained in Paragraph 28 of the Amended Complaint to the extent such allegations apply to Greenidge. To the extent the allegations contained in Paragraph 28 of the Amended Complaint apply to any other party, Greenidge is without sufficient knowledge regarding these allegations and therefore denies same.

## COUNT II

29.     Greenidge admits the allegations contained in Paragraph 29 for jurisdictional purposes only.

30.     In responding to Paragraph 30 of the Amended Complaint, Greenidge realleges his Answers to Paragraphs 1 through 17 of the Amended Complaint as if set forth fully herein.

31.     Greenidge denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Greenidge denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Greenidge admits that he related to Network Solutions, Inc., the fact that he was the sole and exclusive owner of the domain name "America.com." Greenidge denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.     Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 34 of the Amended Complaint.

5

CASE NO.: 00-6172-CIV-ZLOCH

35.     Greenidge admits the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Greenidge denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Greenidge denies the allegations contained in Paragraph 37 of the Amended Complaint.

## COUNT III

38.     Greenidge admits the allegations contained in Paragraph 38 of the Amended Complaint for jurisdictional purposes only.

39.     In responding to Paragraph 39 of the Amended Complaint, Greenidge realleges his Answers to Paragraphs 1 through 17 of the Amended Complaint as if set forth fully herein.

40.     Greenidge denies the allegations contained in Paragraph 40 of the Amended Complaint.

## COUNT IV

41.     Greenidge admits the allegations contained in Paragraph 41 of the Amended Complaint for jurisdictional purposes only.

42.     In responding to Paragraph 42 of the Amended Complaint, Greenidge realleges his Answers to Paragraphs 1 through 17 of the Amended Complaint as if set forth fully herein.

43.     Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 43 of the Amended Complaint and therefore denies same.

6

44.    Greenidge is without sufficient knowledge regarding the allegations contained in Paragraph 44 of the Amended Complaint and therefore denies same.

45.    Greenidge denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.    Greenidge denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.    Greenidge denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.    Greenidge admits the allegations contained in Paragraph 48 of the Amended Complaint.

49.    Greenidge admits the allegations contained in Paragraph 49 of the Amended Complaint.

## COUNT V

50.    Greenidge admits the allegations contained in Paragraph 50 of the Amended Complaint for jurisdictional purposes only.

51.    In responding to Paragraph 51 of the Amended Complaint, Greenidge realleges his Answers to Paragraphs 1 through 17 of the Amended Complaint as if fully set forth herein.

52.    Greenidge is without knowledge of the allegations contained in Paragraph 52 of the Amended Complaint and therefore denies same.

53.    Greenidge denies the allegations contained in Paragraph 53 of the Amended Complaint.

7

CASE NO.: 00-6172-CIV-ZLOCH

54.    Greenidge denies the allegations contained in Paragraph 54 of the Amended Complaint.

## Demand for Jury Trial

55.    Greenidge admits that PSS is demanding a jury trial.

56.    Greenidge denies all allegations contained in the Amended Complaint not specifically admitted or responded to herein.

NOW WHEREFORE, Defendant, Jeremy Greenidge having responded to all the allegations contained in the Amended Complaint, states his defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action because PSS Internet Services, Inc., lacks the requisite corporate authority to bring this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the doctrine of equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Count I fails to state a cause of action because plaintiff has not alleged a substantial likelihood of success on the merits of its claims.

8

CASE NO.: 00-6172-CIV-ZLOCH

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state causes of action because America Dot Com and/or Greenidge has legal title or a right to legal title to the domain name "America.com."

**WHEREFORE,** Defendant, Jeremy Greenidge, respectfully requests this Court enter an Order dismissing plaintiff's Amended Complaint with prejudice and all costs taxed to plaintiff.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant/Counter-plaintiff, Jeremy Greenidge ("Greenidge"), by and through undersigned counsel, hereby sues plaintiff/counter-defendant, PSS Internet Services, Inc. ("PSS"), and states:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2. Venue is proper because the cause of action arose here.

3. Jeremy Greenidge is a citizen of Barbados.

4. PSS is a corporation formally organized under the laws of the State of Florida, having its principal place of business in Volusia County, Florida. PSS was administratively dissolved on October 16, 1998.

## GENERAL ALLEGATIONS

6. In or about April of 1993, Jeremy Greenidge ("Greenidge") and Harold Millan ("Millan"), agreed to form a corporation to provide dial-up internet access and corporate internet access, host websites and provide electronic mail addresses.

9

7.    In or about March of 1994, Greenidge created the internet domain name "America.com."

8.    At this time, the sole registrar for internet domain names, Network Solutions, Inc., ("NSI") prohibited the registration of ".com" domain names in the name of an individual. Rather, NSI required that all domain names be registered in the name of a corporation.

9.    Based on NSI's requirements, Greenidge and Millan entered into an oral agreement in or about April of 1994.    Pursuant to this agreement, the domain name "America.com" was registered in the name of PSS, the corporation they intended to form to provide internet services, and PSS held legal title to the domain name for the beneficial owner, Greenidge. Greenidge and Millan also agreed that Greenidge would, at all times, remain the sole and exclusive owner of the domain name "America.com".    Greenidge and Millan further agreed that Greenidge, as sole and exclusive owner of the domain name, would license the use of the domain name to PSS (the "License Agreement").

10.    Shortly thereafter, on April 13, 1994, Greenidge and Millan incorporated PSS. Greenidge and Millan were the sole directors.

11.    Greenidge subsequently created the domain names "worldwide.net", "earth.net" and "universe.net." Greenidge registered these domain names with NSI in the name of PSS under the same License Agreement on June 23, 1994.

12.    On July 12, 1994, Greenidge created "cosmos.net" and registered it with NSI in the name of PSS under the same License Agreement.

10

13.    In 1995, Charles Henderson and George Kuhn became minority shareholders of PSS. Prior to purchasing their respective shares, Greenidge informed both Charles Henderson and George Kuhn that PSS had a license to use the domain name "America.com," but that the name remained the sole and exclusive property of Greenidge.

14.    In August of 1995, PSS was administratively dissolved.

15.    On September 24, 1997, Greenidge and Millan reinstated PSS and were, again, the sole directors.

16.    At all times material, Greenidge personally paid for all registration and maintenance fees associated with the domain name "America.com".

17.    At all times material, Greenidge and Millan remained the sole directors of PSS. PSS ceased doing business in May of 1998 and was administratively dissolved on October 16, 1998.

18.    In November of 1999, Greenidge, as owner of the domain name, transferred the registration of "America.Com" from PSS to American Dot Com.

19.    On February 2, 2000, PSS and George Kuhn, individually, brought suit against America Dot Com, Greenidge and Great Domains.Com, Inc., claiming that PSS is the rightful owner of "America.Com".

11

## COUNT 1
## DECLARATORY ACTION
## 28 U.S.C. §2201

20.    Greenidge repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

21.    The terms of the License Agreement between Greenidge and PSS governs the respective rights of the parties regarding the ownership of "America.com", "worldwide.net", "earth.net", "universe.net" and "cosmos.net."

22.    Pursuant to the License Agreement, the domain names "America.com". "worldwide.net", "earth.net", "universe.net" and "cosmos.net" are the sole and exclusive property of Greenidge.

23.    Upon the dissolution of PSS in October of 1998, the PSS's license for the use of the domain names terminated.

24.    Based on the claim of PSS to the ownership of the domain name "America.com," there exists a natural, substantial and continuing controversy between Greenidge and PSS.

WHEREFORE, Defendant/Counterplaintiff, Jeremy Greenidge, respectfully requests the Court to declare that:

a.    The domain name "America.com" belongs solely and exclusively to America Dot Com;

b.    The domain names "worldwide.net", "earth.net", "universe.net" and "cosmos.net" belong solely and exclusively to Greenidge;

12

c.      PSS has no rights whatsoever in the domain names "America.com",

"worldwide.net", "earth.net", "universe.net" and "cosmos.net"; and

d.      Grant any such further relief as this Court deems just, equitable and

proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this $\underline{29}$ day of

September, 2000 to: John C. Rayson, Esq., Law Offices of John C. Rayson, Second Floor, 2400

East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

> BUCHANAN INGERSOLL, P.C.
> Attorneys for Greenidge
> 2100 BANK OF AMERICA TOWER
> 100 SOUTHEAST SECOND STREET
> Miami, Florida 33131
> (305) 347-4080
> FAX: 347-4089
>
> WILLIAM E. DAVIS, ESQ.
> Florida Bar No.: 191680
> JILL A. COOK-EDWARDS, ESQ.
> Florida Bar No.: 0115411

59315

13