UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PSS INTERNET SERVICES, INC.      CASE NO.: 00-6172-CIV-ZLOCH
A Florida corporation and
GEORGE KUHN, individually,

        Plaintiffs,

v.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, Brittish Virgin Islands
Corporation and GREATDOMAINS.COM,
INC., a California corporation,

      Defendants.

_____/



## DEFENDANT JEREMY GREENIDGE'S MOTION TO DISMISS
## AND INCORPORATED MEMORANDUM OF LAW

Defendant, Jeremy Greenidge ("Greenidge"), by and through undersigned counsel, and

pursuant to Rule 56, Federal Rules of Civil Procedure, and Rule 7.5, Local Rules of the United

States District Court for the Southern District of Florida, respectfully moves this Court for entry

of an Order dismissing all claims asserted by plaintiff, George Kuhn, for failure to state a cause

of action and lack of subject matter jurisdiction.[1]  In support thereof, defendant, Greenidge, states

as follows.

---

1 Defendant, Greenidge, is contemporaneously filing an Answer as to all counts asserted in the Amended Complaint
by plaintiff, PSS Internet Services, Inc.  Accordingly, this Motion to Dismiss pertains only to those claims contained
in the Amended Complaint asserted by plaintiff, George Kuhn.



### Preliminary Statement

On March 14, 2000, plaintiffs George Kuhn ("Kuhn") and PSS Internet Services, Inc., ("PSS"), filed an Amended Complaint against defendants America Dot Com, Inc., ("America Dot Com"), Greenidge and Great Domains.Com, Inc. ("Great Domains"), invoking the diversity jurisdiction of this Court to assert state common law claims for injunctive relief (Count I), fraud (Count II), conversion (Count III), and replevin (Count IV). Additionally, plaintiffs asserted a claim for breach of fiduciary duty against Greenidge (Count V).

By Order dated June 26, 2000, this Court, upon motion filed by America Dot Com, dismissed Count II and all claims asserted by plaintiff, George Kuhn, as against America Dot Com. By Order dated July 28, 2000, this Court also dismissed defendant, Great Domains, from this action.

Because Kuhn has failed to state a cause of action against defendant, Greenidge, all claims asserted by Kuhn are likewise subject to dismissal. Specifically, Kuhn's claims must fail because, under well-established Florida law, an individual shareholder is not entitled to maintain suit in his own name for damages sustained by a corporation. Accordingly, Counts I, II and V must be dismissed for failure to state a cause of action, as a review of the four corners of the Amended Complaint clearly reveal that these claims belong solely to PSS. Similarly, Counts III and IV, to the extent such counts allege injury to PSS, fail to state causes of action against Greenidge and must be dismissed.

Consequently, Counts III and IV, to the extent such counts allege damages on behalf of Kuhn, individually, must be dismissed for lack of subject matter jurisdiction insofar as such counts fail to alleged the requisite amount in controversy.

2

## Statement of Facts

This civil dispute is centered around the ownership of the internet domain name "America.com." Specifically, plaintiffs allege that PSS is the rightful owner of the domain name and that defendant, Greenidge, the former president of PSS, acted without corporate authority in transferring the registration of the domain name from PSS to America Dot Com. (Amended Complaint at ¶ 12). Kuhn, who claims to be a 25% shareholder and a member of the board of directors, alleges five counts against Greenidge.

In Count I, Kuhn purports to allege a claim for injunctive relief, seeking an order enjoining Greenidge from "offering for sale, selling, auctioning, or otherwise transferring ownership, possession, or control of the domain name 'America.com'." (Amended Complaint at p. 5).

In Count II, Kuhn purports to allege a claim for fraud against Greenidge. In that count, Kuhn alleges that Greenidge fraudulently represented to Network Solutions, Inc. ("NSI"), an internet domain name registrar, that Greenidge owned the rights to the domain name "America.com"; that this representation was false when made, and was intended to deceive NSI. Kuhn further alleges that, in reliance on this representation, NSI registered the domain name to America Dot Com. (Amended Complaint at ¶ 32-34). Kuhn then alleges that he was "directly damaged by Greenidge's fraudulent acts in that PSS's primary asset, 'America.com' is now offered for sale and could be sold without Plaintiffs' knowledge." (Amended Complaint at ¶ 37).

In Count III, Kuhn purports to allege a claim for conversion against Greenidge. In this count, Kuhn alleges that Greenidge converted the domain name "America.com," the property of PSS, and a personal computer, belonging to Kuhn and valued at $5,000. (Amended Complaint at ¶ 40).

3

In Count IV, Kuhn purports to allege a claim for replevin against Greenidge, seeking possession of the domain name "America.com" and a personal computer. (Amended Complaint at ¶¶ 41-49).

Finally, in Count V, Kuhn purports to allege a claim for breach of fiduciary duty. Kuhn alleges that Greenidge owed a fiduciary duty to PSS and breached this duty, thereby causing damage to PSS and to Kuhn. (Amended Complaint ¶ ¶ 50-54.)

### Argument

### 1.    Kuhn's Claims Fail to State a Cause of Action Because a Shareholder Cannot Maintain a Claim for Damages to the Corporation.

The Amended Complaint repeatedly alleges that PSS is the rightful owner of the domain name "America.com" and that the alleged unauthorized transfer of the domain name resulted in damages. Nowhere does Kuhn, individually, claim to own any interest in "America.com." Clearly, under the four corners of the Amended Complaint, all claims relating to the domain name belong solely to PSS. As such, each of Kuhn's individual claims against Greenidge fail to state a cause of action, for it is well-settled in Florida[2] that a shareholder of a corporation does not have the right to maintain an action in his individual name for damages sustained by the corporation.    McKinney-Green, Inc. v. Davis, 606 So. 2d 393, 396 (Fla. 1st DCA 1992) (dismissing claims and holding that individual action cannot be maintained by shareholder in his own name or corporation's name, but must be brought solely by the corporation); Alario v. Miller, 354 So. 2d 925, 926 (Fla. 2d DCA 1978);    Grandin Ind., Inc. v. Fla. Nat'l Bank at Orlando, 267 So. 2d 26, 30 (holding that shareholder failed to state a cause of action because shareholder has no right to sue for damages to the corporation, except in a derivative action);

---

2 Because plaintiff invoked the diversity jurisdiction of this Court, the Court must look to the forum's substantive law. Gadd v. Pearson, 351 F. Supp. 895 (M.D. Fla. 1972).

4

James Talcott, Inc. v. McDowell, 148 So. 2d 36 (Fla. 3d DCA 1962). Indeed, this rule holds true even if the individual is the sole shareholder of the corporation. Lincoln Oldsmobile, Inc. v. Branch, 574 So. 2d 1111, 1114 (Fla. 2d DCA 1990) (dismissing shareholder's claims where injury alleged was to corporation); Schaffer v. Universal Rundle Corp., 397 F. 2d 893 (5th Cir. 1968). A shareholder may only bring an action in his own right to redress injuries sustained by him which are "separate and distinct" from the injuries sustained by all other shareholders. Fried v. Easton, 267 So. 2d 87, 88 (Fla. 3d DCA 1974) (upholding dismissal of direct action brought by shareholder in his own name).

In the instant case, all claims asserted by Kuhn are premised on the transfer and impending sale of the domain name "America.com." The Amended Complaint repeatedly alleges that PSS is the sole and exclusive owner of this domain name. (Amended Complaint at ¶¶ 9, 22, 36, 40, 45 & 53). Nowhere does Kuhn allege any inquiry sustained by him which is "separate and distinct" from the injury alleged to PSS or to any other shareholder of PSS. Therefore, Counts I, II and V, which allege damage solely to PSS, must be dismissed as against Greenidge for failure to state a cause of action. Likewise, Counts III and IV must be dismissed to the extent that such claims purport to allege a cause of action on behalf of Kuhn for damages allegedly resulting from the transfer of the domain name "America.com," as these claims likewise belong solely to PSS.

## 2. Counts III and IV Must Be Dismissed Based on this Court's Lack of Subject Matter Jurisdiction.

The only "separate and distinct" injury alleged by Kuhn, individually, is found in Counts III and IV where Kuhn alleges the "conversion" of a personal computer valued at $5,000.00. (Amended Complaint at ¶¶ 40-49). Because this action is based on the Court's diversity

5

jurisdiction, however, Kuhn is required to meet the requisite jurisdictional amount of $75,000.00

See 28 U.S.C. § 1332.

According to the Amended Complaint, the personal computer is valued at only $5,000.00.

This amount is woefully short of the requisite $75,000.00 amount required to invest this Court

with subject matter jurisdiction over this diversity action.  Obviously, Kuhn cannot avail himself

of the damages alleged on behalf of PSS in order to meet the requisite amount as aggregation of

damages is not permitted.  Boca Ciega Hotel, Inc. v. Bouchard Transp. Co., Inc., 844 F. Supp.

1512 (M.D. Fla. 1994) (in diversity case, each plaintiff must independently meet amount in

controversy requirement; individual claims for damages cannot be aggregated to satisfy amount

in controversy).    Accordingly, because Kuhn fails to allege, and indeed, cannot allege the

requisite amount in controversy, Counts III and IV must be dismissed as against Greenidge.

## 3.    Alternatively, Kuhn's Claims are Subject to Dismissal For Failure to Allege Exhaustion of Corporate Remedies.

Alternatively, should this Court determine that Kuhn's claims constitute a "shareholder's

derivation action," all four counts are subject to dismissal for failure to allege exhaustion of

corporate remedies.[3] Here, even assuming, without admitting, that Kuhn is bringing his claims

derivatively, such claims are subject to dismissal for failure to comply with Florida's statutory

conditions precedent.

Specifically, § 607.07401, Fla. Stat., provides as follows:

---

3 A shareholder derivative suit is an action in which a shareholder seeks to enforce a right of action existing in the corporation.  The injury sustained by the shareholder bringing such an action is basically the same as the injury sustained by other shareholders of the corporation.  Gill v. Three Dime Dimensions, Inc., 87 F. Supp. 2d 1278, 1286 (M.D. Fla. 2000) (citing Leppert v. Lakebreeze Homeowners Assoc., 500 So. 2d 250, 252 (Fla. 1st DCA 1986)).
Under Florida law, this Court must look to the body of the complaint and the gravamen of the injuries asserted to determine if Kuhn's claims are direct or derivative.  See Alario, 354 So. 2d at 926.  If the damages at issue are only indirectly sustained by the shareholder as a result of injury to the corporation, the shareholder does not have a cause of action as an individual.  Gill, 87 F. Supp. 2d at 1286.

6

A complaint in a proceeding brought in the right of a corporation *must . . . allege with particularity the demand made to obtain action by the board of directors and that the demand was refused or ignored.*

<u>Fla</u>. <u>Stat</u>. § 607.070401 (emphasis added). The Amended Complaint lacks these requisite

allegations. Kuhn fails to make <u>any</u> allegations of efforts taken by Kuhn through the directors or

shareholders of PSS or the reason for his failure to make any such efforts. Thus, even assuming,

without admitting, that Kuhn is asserting his claims derivatively, such claims are subject to

dismissal for failure to allege all requisite elements of such a claim under Florida law.

### Conclusion

Based on the foregoing authorities, defendant, Jeremy Greenidge, respectfully requests

this Court dismiss all claims asserted by plaintiff, George Kuhn.

> BUCHANAN INGERSOLL, P.C.
> Attorneys for America Dot Com
> 2100 NATIONSBANK TOWER
> 100 SOUTHEAST SECOND STREET
> Miami, Florida 33131
> (305) 347-4080
> FAX: 347-4089
>
> WILLIAM E. DAVIS, ESQ.
> Florida Bar No.: 191680
> JILL A. COOK-EDWARDS, ESQ.
> Florida Bar No.: 0115411

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this __29__ day of

September, 2000 to: John C. Rayson, Esq., Law Offices of John C. Rayson, Second Floor, 2400

East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

WILLIAM E. DAVIS, ESQ.
Florida Bar No.: 191680

59299

8