UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6172-CIV-ZLOCH

PSS INTERNET SERVICES, INC,
a Florida corporation and
GEORGE KUHN, individually,

Plaintiffs,

v.

JEREMY GREENIDGE, individually
and AMERICA DOT COM, INC..
a Tortola, British Virgin Islands
corporation,

Defendants.
_____/



## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT JEREMY GREENIDGE'S MOTION TO DISMISS

Plaintiffs/Counter-Defendants, PSS INTERNET SERVICES, INC. ("PSS") and GEORGE KUHN ("Kuhn") by and through undersigned counsel, hereby file Plaintiffs' Memorandum in Opposition To Defendant JEREMY GREENIDGE's ("Greenidge") Motion To Dismiss and state as follows:

1. Defendant Greenidge moves to dismiss all claims asserted by Plaintiff Kuhn based on Defendant's argument that Kuhn has failed to state a cause of action against Greenidge (Greenidge's Motion, pp. 2, 4). Greenidge argues that Kuhn, as a shareholder of PSS, does not have the right to sue in his own name since the property in dispute, an Internet domain name, is a PSS corporate asset.

2. Greenidge, however, concedes in his own Motion that in certain instances a shareholder may maintain a cause of action in his or her own name. (Greenidge's Motion at p. 5). In particular,

1

stockholders may bring suit in their own name to redress injuries sustained by them which are separate and distinct from those sustained by other stockholders. Fort Pierce Corporation v. C.L. Ivey, 671 So. 2d 206 (Fla. 4th DCA 1996). Thus, as long as Kuhn is the only shareholder injured by the Defendants' alleged acts, he may properly maintain his causes of action.

3. Kuhn does allege that he is a 25% shareholder (Amended Complaint at ¶ 10) and that he was directly damaged by Greenidge's acts (Amended Complaint at ¶ 37). Since Kuhn has not alleged, and Greenidge has not established, that any other shareholders were injured, there is no reason to dismiss Kuhn's claim based on Greenidge's Motion.

4. A motion to dismiss a complaint for failure to state a cause of action is addressed exclusively to the allegations of the complaint. Gladstone v. Smith, 729 So. 2d 1002 (Fla. 4th DCA 1999). Since the Amended Complaint alleges that Kuhn has been directly damaged by Greenidge, and otherwise states a valid cause of action for fraud, it is improper for Greenidge to move to dismiss Count II based on Kuhn's failure to include an additional and unnecessary allegation that his injuries are distinct from those of other shareholders.

5. It is clear from the pleadings in this case, that, since the original Complaint was filed, substantial changes in circumstances have occurred. Specifically, the Amended Complaint reflects that PSS is currently the registered owner of the domain name "America.com" (Amended Complaint at ¶¶ 22, 36). As a result, all Defendants have now either counterclaimed or have been voluntarily dismissed. The interests of judicial economy and the Federal Rules are best served by allowing this case, including all parties' claims, to proceed on the merits rather than require ongoing and hyper-technical amendments to pleadings. See Bank v. Pitt, 928 F. 2d 1108, 1112 note 6 (11th Cir. 1991) (fundamental goal of Federal Rules of Civil Procedure is that disputes be resolved on the merits

2

rather than on pleadings).

WHEREFORE, Plaintiff Kuhn respectfully requests that this Court deny Defendant Greenidge's Motion to Dismiss.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served by mail upon William E. Davis, Esq., Buchanan Ingersoll, P.C., 2100 Bank of America Tower, 100 SE 2nd Street, Miami, Florida 33131 on October **13**, 2000.

> LAW OFFICES OF JOHN C. RAYSON
> 2400 East Oakland Park Blvd.
> Fort Lauderdale, Florida 33306
> (954) 566-8855
> (954) 566-8902 Fax
> Rayson2000@aol.com E-mail
>
> By: _Thomas P. Moss_
> Thomas P. Moss
> Florida Bar No: 153923

3