UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PSS INTERNET SERVICES, INC.        CASE NO.: 00-6172-CIV-ZLOCH
A Florida corporation and
GEORGE KUHN, individually,

     Plaintiffs,

v.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, Brittish Virgin Islands
Corporation and GREATDOMAINS.COM,
INC., a California corporation,

     Defendants.



_____/

## DEFENDANT JEREMY GREENIDGE'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Defendant, Jeremy Greenidge ("Greenidge"), by and through undersigned counsel, and pursuant to Rule 7.1, Local Rules of the United States District Court for the Southern District of Florida, hereby submits his Reply in support of his Motion to Dismiss and states as follows.

A review of the four corners of the Amended Complaint reveals that plaintiff, George Kuhn ("Kuhn"), individually, has failed to state a cause of action against Greenidge. The claims contained in the Amended Complaint center around a dispute over the ownership of a domain name, which Kuhn alleges belongs solely and exclusively to PSS Internet Services, Inc. ("PSS). (Amended Complaint at ¶¶ 9, 22, 36, 40, 45 & 53).

Count I seeks injunctive relief, relating to Greenidge's use of the domain name. (Amended Complaint at p. 5). Count II asserts fraud, arising out of Greenidge's registration of



the domain name (Amended Complaint at ¶ 32-34). Count III asserts conversion of the domain name alleged to belong solely to PSS and of a personal computer alleged to belong to Kuhn and valued at $5,000. (Amended Complaint at ¶ 40). Count IV asserts a claim for replevin, seeking possession of the domain name and the personal computer. (Amended Complaint at ¶¶ 41-49). Count V asserts breach of fiduciary duty, arising out of Greenidge's position as a director and officer of PSS. (Amended Complaint ¶ ¶ 50-54.)

The Amended Complaint alleges that the domain name belongs exclusively to PSS. Based on these allegations of ownership, all claims relating to the domain name belong solely to PSS. The damages alleged by Kuhn, individually, in Counts I, II and V arise solely from his status as a shareholder of PSS. Indeed, any damages arising out of the alleged loss of the domain name results in injury directly to PSS and, indirectly, to <u>all</u> PSS shareholders. Thus, Kuhn's argument that he is the only shareholder injured by Greenidge's alleged acts is directly contradicted by the allegations of the Amended Complaint.

In any event, Florida courts have rejected similar attempts by plaintiffs to bypass deriviatve actions by claiming to be the "sole shareholder." <u>Lincoln Oldsmobile, Inc. v. Branch</u>, 574 So. 2d 1111, 1114 (Fla. 2d DCA 1990) (upholding dismissal of sole shareholder's claims where the injury alleged was to corporation); <u>Schaffer v. Universal Rundle Corp.</u>, 397 F. 2d 893 (5th Cir. 1968); <u>Gutierrez v. Shaffer</u>, 490 So.2d 1299 (Fla. 3d DCA 1986).

Rather, the only instance in which a shareholder is entitled to maintain suit in his individual name is when his injuries are "separate and distinct" from the injuries sustained by the corporation and the shareholders in general. <u>Alario v. Miller</u>, 354 So. D 925, 926 (Fla. 2d DCA 1978). Counts I, II and V lack any allegations that Kuhn, individually, sustained any damages

2

Buchanan Ingersoll, PC □ 100 SE 2nd Street, Suite 2100 □ Miami, FL 33131-2150 □ (305) 347-4080

which are "separate and distinct" from the damages allegedly sustained by PSS and by all shareholders of PSS. Fried v. Easton, 293 So. 2d 87 (Fla. 3d DCA 1974).

Fried is directly on point. In that case, a shareholder brought suit against the president and chief executive officer of a corporation, alleging a violation of fiduciary duty and conversion of certain corporate assets to his own use and benefit. 293 So. 2d at 88. The lower court ruled that such claims belonged solely to the corporation and dismissed the shareholder's claims. On appeal, the Third District found that the shareholder failed to alleged any injury directly sustained by him, "but rather only injuries inflicted upon the corporation." Accordingly, the Court upheld the dismissal with prejudice based on the shareholder's failure to allege a "personal right of action." Id.

Likewise, in Counts I, II and V, Kuhn fails to allege any injury sustained directly by him. Therefore, Counts I, II and V, which allege damage solely to PSS, must be dismissed as against Greenidge for failure to state a cause of action. Likewise, Counts III and IV must be dismissed to the extent that such claims purport to allege a cause of action on behalf of Kuhn for damages allegedly resulting from the transfer of the domain name "America.com," as these claims likewise belong solely to PSS.

The only "separate and distinct" injury alleged by Kuhn, individually, is found in Counts III and IV where Kuhn alleges the "conversion" of a personal computer valued at $5,000.00. (Amended Complaint at ¶¶ 40-49). Because this action is based on the Court's diversity jurisdiction, however, Kuhn is required to meet the requisite jurisdictional amount of $75,000.00 See 28 U.S.C. § 1332. Accordingly, because Kuhn fails to allege, and indeed, cannot allege the requisite amount in controversy, Counts III and IV must be dismissed as against Greenidge.

**Conclusion**

Based on the foregoing authorities, defendant, Jeremy Greenidge, respectfully requests this Court dismiss all claims asserted by plaintiff, George Kuhn.

> BUCHANAN INGERSOLL, P.C.
> Attorneys for America Dot Com
> and Jeremy Greenidge
> 2100 BANK OF AMERICA TOWER
> 100 SOUTHEAST SECOND STREET
> Miami, Florida 33131
> (305) 347-4080
> FAX: 347-4089
>
> WILLIAM E. DAVIS, ESQ.
> Florida Bar No.: 191680
> JILL A. COOK-EDWARDS, ESQ.
> Florida Bar No.: 0115411

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this 19 day of October, 2000 to: John C. Rayson, Esq., Law Offices of John C. Rayson, Second Floor, 2400 East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

> WILLIAM E. DAVIS, ESQ.
> Florida Bar No.: 191680