UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 00-6172-CIV-ZLOCH

PSS INTERNET SERVICES, INC.,
a Florida corporation and
GEORGE KUHN, individually,

    Plaintiffs,

v.

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a
Tortola, British Virgin Islands
Corporation and GREATDOMAINS.COM,
INC., a California corporation,

    Defendants.

_____/

**NIGHT BOX FILED**
MAR 2 9 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, America Dot Com, Inc., and Jeremy Greenidge, by and through undersigned counsel, and pursuant to Rule 56 Fed.R.Civ.P., and Rule 7.5, Local Rules for the United States District Court for the Southern District of Florida, hereby reply to Plaintiffs' Statement of Material Facts and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

Plaintiffs have failed to establish a genuine issue as to the essential elements of their case: plaintiffs' response contains no specific facts supporting their contention that PSS Internet Services, Inc., ("PSS") owns any of the domain names at issue or that PSS is authorized to bring this action. Because no genuine issue of material fact exists, defendants are entitled to judgment as a matter of law on all claims asserted in this action.



### 1. Plaintiffs Fail to Establish a Genuine Issue of Fact Regarding the Ownership of the Domain Names.

The crucial allegation in this case concerns the ownership of the domain names "America.com" "universe.net" "earth.net" "worldwide.net" and "cosmos.net." Plaintiffs attempt to avoid summary judgment by relying on a self-serving affidavit submitted by plaintiff, George Kuhn, which contains numerous conclusory allegations, several of which are directly contradicted by Kuhn's own deposition testimony. However, plaintiffs fail to present <u>any</u> evidence to contradict the fact that PSS's right to use the domain names was acquired by way of a terminable license agreement with their true owner, Jeremy Greenidge.

Rather, plaintiffs allege that two disputes exist with regard to the ownership issue: (1) "whether or not Greenidge told Kuhn that 'America.com' belonged to PSS." (Response at p. 3), and (2) "whether Greenidge's representation <u>meant</u> that 'America.com' belonged to PSS." (Response at p. 6). These alleged "disputes," are insufficient as a matter of law to overcome the Motion for Summary Judgment and its four supporting affidavits.

First, it is <u>undisputed</u> that Kuhn was never told that "America.com" belonged to PSS. (Kuhn Depo. at p. 24). Rather, Kuhn admits that the only personal knowledge he has regarding the relationship between PSS and "America.com" is based on two statements: (1) Millan told Kuhn "that 'America.com' was the <u>name of the domain for PSS</u>"; and (2) Greenidge told Kuhn that "by buying into this you're buying into America.com which is going to be some pretty pricey real estate.... I didn't think you can lose by buying this because of the name 'America.com.'" (Kuhn Depo. at p. 24).

These statements do not create of factual issue regarding the ownership of "America.com" because they do not refute the record evidence contained in the four supporting affidavits filed in support of defendants' Motion for Summary Judgment that Greenidge was the sole and exclusive owner of "America.com."[1] Plaintiffs' attempt to rely on "the mere presence of an alleged factual dispute between the parties is insufficient to overcome" defendants' properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("The nonmoving party must not simply set forth some minimal evidence regarding the claim; the party must show that there is sufficient evidence to enable a reasonable jury to return a verdict in his or her favor.").

Second, it is undisputed that Kuhn admitted that he has no knowledge as to how PSS acquired its right to use "America.com" or any other such interest in the domain name. (Kuhn Depo. at p. 47). Kuhn's allegation that he "thought" that PSS owned the domain names is clearly insufficient to refute the testimonial evidence offered by defendants in support of their Motion for Summary Judgment. Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U. S. 827, 831 (1950) (allegations based on information and belief are insufficient to overcome a motion for summary judgment); Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027 (M.D. Fla. 2000) (An affidavit based on nothing more than "information and belief" is not sufficient as a matter of law.).

---

1    Contrary to plaintiffs' claims, Greenidge's Declaration, which, by federal statute has the force and effect of an affidavit, reveals that Greenidge transferred his ownership interest in "America.com" to America Dot Com, Inc., a corporation wholly owned by Greenidge. (See Greenidge Declaration at ¶ 18).

3

As for "earth.net" "worldwide.net" and "universe.net," Kuhn admits that he was told only that PSS registered these names. It is undisputed that Kuhn was never told that PSS owned any of these domain names. (Kuhn Depo. at p. 47).

Therefore, plaintiffs have not, and simply cannot, meet their burden of overcoming defendants' Motion for Summary Judgment. Because plaintiffs "*may not rest upon the mere allegations or denials* of the adverse party's pleadings, but ... must set forth *specific facts* showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), America Dot Com and Greenidge are entitled to summary judgment as a matter of law on the Amended Complaint and their respective Counterclaims regarding the ownership of the domain names.

### 2. Plaintiffs Fail to Establish a Genuine Issue of Fact Regarding PSS'S Lack of Corporate Authority to Maintain this Action.

Incredibly, plaintiffs fail to even address PSS's lack of corporate authority to maintain this suit. It is undisputed that the Amended Complaint in this action was not filed under the authority of PSS's board of directors or shareholders. (Kuhn Depo. at p. 81). Even Kuhn admits that he does not have the authority to act on behalf of PSS. (Id.). Indeed, even assuming, arguendo, that Kuhn was a director of PSS, his unilateral decision to institute this suit without the consent of at least one other director does not constitute authorized corporate action under the by-laws of PSS. Accordingly, PSS lacks the requisite corporate authority to maintain this action and, consequently, America Dot Com and Jeremy Greenidge are entitled to judgment against PSS on all claims asserted by PSS in the Amended Complaint as a matter of law.

4

### 3. Plaintiffs Fail to Establish a Genuine Issue of Fact Regarding Kuhn's Inability to Maintain an Individual Action.

Kuhn sued Greenidge on five counts, each of which involves allegations of an injury sustained solely by PSS. Kuhn admits that his damages arise solely from his status as a shareholder of PSS. (Kuhn Depo at p. 88). As such, each of Kuhn's individual claims against Greenidge fail as a matter of law, for it is well-settled in Florida that a shareholder of a corporation does not have the right to maintain an action in his individual name for damages sustained by the corporation. AmSouth Bank v. Wynne, 772 So. 2d 574 (Fla. 1st DCA 2000).

### Conclusion

Based on the record evidence, and in particular, the deposition testimony of plaintiff, George Kuhn, it is undisputed that PSS does not own, and never has owned, the domain names "America.com," "worldwide.net," "earth.net," "universe.net" and "cosmos.net." Rather, all evidence supports the fact that Greenidge, the sole and exclusive owner of these domain names, transferred his ownership interest to America Dot Com, Inc. Accordingly, America Dot Com and Greenidge are entitled to judgment as a matter of law on the Amended Complaint and their respective Counterclaims.

Furthermore, it is undisputed that PSS lacks the corporate authority to maintain this action. Finally, it is undisputed that Kuhn is claiming damages which belong solely to PSS. Therefore, Kuhn, a minority shareholder of PSS, cannot, as a matter of law, maintain his individual action. Consequently, his claim for personal damages in the amount of $5,000 must fail for lack of subject matter jurisdiction.

**WHEREFORE**, based on the foregoing authorities, America Dot Com, Inc., and Jeremy Greenidge respectfully request this Court enter an order:

(1) granting summary judgment in favor of America Dot Com, Inc., and Jeremy Greenidge and against PSS Internet Services, Inc., on all claims asserted by PSS Internet, Inc., in the Amended Complaint;

(2) granting summary judgment in favor of Jeremy Greenidge and against George Kuhn on all claims asserted by George Kuhn in the Amended Complaint;

(3) granting summary judgment in favor of America Dot Com, Inc., and against PSS Internet Services, Inc., on America Dot Com, Inc.'s Counterclaim, and declaring that (a) the domain name "America.com" belongs solely and exclusively to America Dot Com and; (b) PSS has no rights whatsoever to the domain name "America.com";

(4) granting summary judgment in favor of Jeremy Greenidge and against PSS Internet Services, Inc., on Jeremy Greenidge's Counterclaim, and declaring that (a) the domain names "universe.net", "worldwide.net", "earth.net" and "cosmos.net" belong solely and exclusively to Jeremy Greenidge and; (b) PSS has no rights whatsoever to these domain names; and

(5) granting such further relief as this Court deems just and proper.

BUCHANAN INGERSOLL, P.C.
Attorneys for America Dot Com
and Jeremy Greenidge
2100 Bank of America Tower
100 Southeast Second Street
Miami, Florida 33131
(305) 347-4080 Fax: 347-4089

WILLIAM E. DAVIS, ESQ.
Florida Bar No.: 191680
JILL A. COOK-EDWARDS, ESQ.
Florida Bar No.: 0115411

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true copy of the foregoing was mailed this 29 day of March, 2001 to: John C. Rayson, Esq., Law Offices of John C. Rayson, Second Floor, 2400 East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

JILL A. COOK-EDWARDS