UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6172-CIV-ZLOCH

PSS INTERNET SERVICES, INC.,
a Florida corporation and
GEORGE KUHN, individually,

    Plaintiffs,

vs.



**PARTIAL SUMMARY JUDGMENT**
**(IN FAVOR OF JEREMY GREENIDGE &**
**AMERICA DOT COM, INC.)**

JEREMY GREENIDGE, individually,
AMERICA DOT COM, INC., a Tortola,
British Virgin Islands corporation
and GREATDOMAINS.COM, INC., a
California corporation,

    Defendants.
_____/

THIS MATTER is before the Court upon the Defendants, America Dot Com, Inc. and Jeremy Greenidge's Motion For Summary Judgment (DE 37). The Court has carefully reviewed said Motion and the entire court file herein and is otherwise fully advised in the premises.

The Plaintiffs, PSS Internet Services, Inc. and George Kuhn, commenced the above-styled cause by seeking damages and equitable relief against the Defendants, Jeremy Greenidge, America Dot Com, Inc., and Greatdomains.com, Inc. pursuant to Florida law. This Court has jurisdiction over the above-styled cause pursuant to 28 U.S.C. § 1332

In the Amended Complaint (DE 8), the Plaintiffs allege that they are owners of several internet domain names, including the



name "America.com." The Plaintiffs further allege that on or about November 19, 1999, Defendant Greenidge illegally transferred and sold the internet domain name "America.com." The Plaintiffs contend that this transfer and sale constitutes fraud and breach of fiduciary duty. The Plaintiffs have also stated claims of conversion and replevin and request that the Court impose injunctive relief. The Defendants, America Dot Com, Inc. and Jeremy Greenidge, have denied the Plaintiffs' allegations and have raised a number of affirmative defenses. Defendant America Dot Com, Inc. has brought a counterclaim (DE 13) for declaratory relief pursuant to 28 U.S.C. § 2201. Specifically, the Defendant requests that the Court declare that the domain name "America.com" belongs solely and exclusively to Defendant America Dot Com, Inc. and that Plaintiff PSS Internet Services, Inc. (hereinafter "PSS") has no rights in the aforementioned domain name. Defendant, Jeremy Greenidge has also brought a counterclaim (DE 27) for declaratory relief pursuant to 28 U.S.C. § 2201. Specifically, Defendant Greenidge requests that the Court declare that several domain names belong solely and exclusively to Defendant Greenidge and that Plaintiff PSS has no rights in these domain names. The Plaintiffs have denied the Defendants' allegations and have raised a number of affirmative defenses.

1.  Summary Judgment Standard

The Court notes that in ruling on the aforementioned Motion

For Summary Judgment, it has considered only those matters permitted by Rule 56(c), Fed.R.Civ.P., and not arguments, proffers or representations by counsel of record.

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

To summarize, the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an

essential element of the case to which the non-moving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Everett v. Napper, 833 F.2d 1507 (11th Cir. 1987). The standard for granting summary judgment is the same as the standard for granting a directed verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Appellate Courts generally, therefore, will affirm the granting of summary judgment if on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury. Anderson, 477 U.S. at 252-256; Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607 (11th Cir. 1987). The evidence of the non-movant is to be believed, however, and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255; Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Barnes, 814 F.2d at 609; Borg-Warner Acceptance Corp. v. Davis, 804 F.2d 1580 (11th Cir. 1986).

Nevertheless, where the moving party properly supports the motion for summary judgment, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in Rule 56, "designate 'specific facts showing that there is a genuine issue for trial.'" L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (citations omitted).

In the instant Motion For Summary Judgment (DE 37), the Defendants assert that they are entitled to judgment as a matter of

law as: (1) Plaintiff PSS does not have the requisite corporate authority needed to maintain the instant action; and (2) Plaintiff George Kuhn cannot bring an action under his own name for damages sustained solely by the corporation. Further, the Defendants assert that they are entitled to judgment as a matter of law on their counterclaims for declaratory relief.

### 2. Corporate Authority

Under Florida law, generally, the board of directors represents the corporation and conducts its business. Charron v. Coachmen Industries, Inc., 417 So.2d 1145, 1146 (Fla. Dist. Ct. App. 1982). Moreover, Florida law specifically provides that:

> All corporate powers shall be exercised by or under the authority of, and the business and affairs of the corporation managed under the direction of, its board of directors, subject to any limitation set forth in the articles of incorporation or in an agreement authorized under § 607.0732. Fla. Stat. § 607.0801(2).

Florida courts have also held that stockholders do not have the power to represent a corporation or act on its behalf without proper statutory authority. See Green v. Callahan, 664 So.2d 21 (Fla. Dist. Ct. App. 1995); Mease v. Warm Mineral Springs, Inc., 128 So.2d 174 (Fla. Dist. Ct. App. 1961).

In the instant case the Defendants assert that the Amended Complaint was not filed under the authority of Plaintiff PSS' board of directors or shareholders. In support of this assertion the Defendants rely on Plaintiff Kuhn's deposition testimony in which

5

he states that no shareholders other than himself have voted for filing the above-styled cause. (DE 38 at p. 81). Kuhn also testified that there has been no meeting of the board of directors which authorized the prosecution of the instant action. Id. The record further indicates that none of the other board of directors or shareholders of PSS voted in favor of commencing the above-styled cause. (See DE 37, Millian Aff. at ¶ 9; Greenidge Aff. at ¶ 11).

In response the Plaintiff has failed to plead sufficient facts that demonstrates that he had the authority to act on behalf of the corporate Plaintiff, PSS, to file the instant action. Thus, as the record clearly indicates that neither the board of directors or the shareholders of PSS properly voted to initiate the above-styled cause the Court finds that Plaintiff PSS lacks the requisite corporate authority needed to bring the instant action under Florida law. Therefore, the Defendants are entitled to judgment as a matter of law as to all counts brought by Plaintiff PSS.

### 3. Individual Shareholder's Right to Bring Action

As to Plaintiff George Kuhn's claims in Counts I-V, Defendant Greenidge asserts that Kuhn cannot bring an action on his own behalf for damages sustained solely by PSS.[1] Under Florida law it is clear that an individual shareholder does not have the right to

---

[1] The Court by prior Order (DE 17) dismissed all claims asserted by Plaintiff Kuhn as to Defendant, America Dot Com, Inc.

6

file a lawsuit in his own name for damages sustained by the corporation. AmSouth Bank v. Wynne, 772 So.2d 574, 575 (Fla. Dist. Ct. App. 2000). James Talcott, Inc. v. McDowell, 148 So.2d 36 (Fla. Dist. Ct. App. 1962). However, an individual shareholder can bring a nonderivative suit for injuries sustained directly by the shareholder which are separate and distinct from an injury sustained by the corporation. In Re Southeast Banking Corp., 827 F.Supp. 742, 745 (S.D. Fla. 1993), aff'd and rev'd on other grounds, 69 F.3d 1539 (11th Cir. 1995).

In support of his motion for summary judgment Defendant Greenidge asserts that each count brought by Kuhn in the Amended Complaint is for an injury, the allegedly illegal transfer of the domain names, suffered by PSS. Specifically, Greenidge maintains that the Amended Complaint as well as Kuhn's own deposition testimony reveals that the damages alleged by Kuhn in Counts I-V arise solely from Kuhn's status as a shareholder of PSS.

The Plaintiff in his response contends that he is currently and always has been bringing the instant action on his own behalf. The Plaintiff contends that he personally suffered injury from Defendant Greenidge's actions. Specifically, Kuhn contends that when he purchased stock in PSS he also purchased a portion of the domain name "America.com" and thus he has been personally injured by Greenidge's alleged fraudulent transfer. However, the Court notes that the Plaintiff's deposition testimony and affidavit

7

clearly reveals that the alleged injury suffered in the instant case was suffered only by the corporation, PSS. In his deposition the Plaintiff stated that PSS should continue to be the owner of the domain name "America.com" and the other three domain names in question. (DE 38 at p. 87). Further, in his affidavit Kuhn states that he was under the belief that "America.com" belonged to PSS (DE 39 at ¶ 4). Finally, in his Opposition To Defendants' Motion For Summary Judgment (DE 39), regarding the ownership issue of "America.com" Kuhn states that, "the most reasonable interpretation is that 'America.com' actually did belong to PSS and that asset is what lured Kuhn to invest $25,000." (DE 39 at p. 7-8). These statements belie the Plaintiff's contention that he is an owner of the domain name "America.com."

Thus, the record clearly reveals that there is no evidence to support Kukn's contention that the domain name "America.com" was sold to him. Therefore, the Court finds that Defendant Greenidge is entitled to judgment as matter of law as to all claims brought by Plaintiff Kuhn, as Kuhn has failed to allege an injury directly sustained by himself rather than an injury inflicted upon the corporation. See Fried v. Easton, 293 So.2d 87 (Fla. Dist. Ct. App. 1974).

Finally, the Court notes that in Counts III and IV Kuhn claims personal injury based on the alleged conversion of a personal computer valued at $5,000. The Court further notes that

8

jurisdiction in this matter is premised upon this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(a) sets forth the requisite amount in controversy for diversity jurisdiction to exceed the sum or value of $75,000.00, exclusive of interest and costs. As Kuhn's claim for damages in Counts III and IV do not meet this requirement the Court finds that Defendant Greenidge is entitled to summary judgment as to Counts III and IV to the extent that they are based on personal injury to Plaintiff Kuhn.

4. Defendants Counterclaims

As to the Defendants' counterclaims for declaratory relief, the Court notes that these claims are fact sensitive and that the parties have disputed many of the relevant facts. Therefore, the Court finds that genuine issues of material fact exist which preclude summary judgment in favor of the Defendants as to their counterclaims.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Defendants, America Dot Com, Inc. and Jeremy Greenidge's Motion For Summary Judgment (DE 37) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Defendants, America Dot Com, Inc. and Jeremy Greenidge's Motion For Summary Judgment (DE 37) be and the same is hereby **GRANTED** as to all claims asserted in the Amended Complaint (DE 8) by Plaintiffs, PSS Internet Services, Inc. and George Kuhn

against Defendants, America Dot Com, Inc. and Jeremy Greenidge and said Plaintiffs' claims are hereby **DISMISSED**; and

2. In all other respects, Defendants, America Dot Com, Inc. and Jeremy Greenidge's Motion For Summary Judgment (DE 37) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of AUGUST, 2001.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

John C. Rayson, Esq.
For Plaintiffs

Jill Cook-Edwards, Esq.
For Defendants